■ In the Matter of TINA COBANE, Appellant, v BRIAN COBANE, Respondent. (And Four Other Related Proceedings.) [870 NYS2d 569]—

Kane, J.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of three daughters (born in 1994, 1996 and 1998). Each of the children suffers from a congenital vision problem and, to varying degrees, has special needs. After the parties separated, Family Court entered a September 2005 order, on consent, providing for joint legal custody, primary physical placement with the mother and parenting time for the father. Both parties filed petitions seeking modification of the custody order and alleging that the other party violated prior orders. Following an extensive hearing, the court modified the prior order by granting sole custody to the father and parenting time to the mother. In a separate order, the court dismissed the mother's violation petition against the father, but held that the mother willfully violated two orders. The mother appeals from the custody modification and the findings of willful violations.

Family Court's decision was not based upon inadmissible hearsay. Under Family Ct Act § 1046 (a) (vi), which is applicable to custody proceedings based in part upon allegations of abuse or neglect, the subject children's prior out-of-court statements are excepted from the hearsay rule but must be corroborated (*see Matter of Bartlett v Jackson*, 47 AD3d 1076, 1077 [2008], *lv denied* 10 NY3d 707 [2008]; *Matter of Bernthon v Mattioli*, 34 AD3d 1165, 1165-1166 [2006]; *Matter of Baxter v Perico*, 288 AD2d 717, 717 [2001]; *Matter of Pratt v Wood*, 210 AD2d 741, 742 [1994]). These statements may be corroborated by "[a]ny other evidence tending to support the reliability of the previous statements" (Family Ct Act § 1046 [a] [vi]; *see Matter of Nicole V.*, 71 NY2d 112, 118 [1987]). While repetition of an accusation does not corroborate a child's prior statement (*see Matter of Christina F.*, 74 NY2d 532, 536 [1989]; *Matter of Nicole V.*, 71 NY2d at 123), here, testimony and pictures of bruising corroborated some of the children's statements. Cross statements of each child also corroborated the statements of the other children (*see Matter of Nicole V.*, 71 NY2d at 124; *Matter of Akia KK.*, 282 AD2d 839, 840 [2001]). Although some of the hearsay statements may not have been sufficiently corroborated, overall the children's out-of-court statements fell within the hearsay exception and were properly considered by the court.

Considering the children's statements along with all of the other evidence, Family Court did not err in granting the father sole custody. Modification of an existing custody arrangement is

appropriate where the petitioner establishes by a preponderance of the evidence that there has been a change in circumstances and that modification is necessary to ensure the best interests of the children (*see Matter of Robert GG. v Kathleen HH.*, 273 AD2d 713, 715 [2000]; *Matter of Smith v Kalman*, 235 AD2d 848, 849 [1997]; *see also Matter of Tropea v Tropea*, 87 NY2d 727, 741 [1996]). The court's determinations in this regard are entitled to great deference (*see Matter of Mabie v O'Dell*, 48 AD3d 988, 989 [2008]; *Matter of Storch v Storch*, 282 AD2d 845, 846 [2001], *lv denied* 96 NY2d 718 [2001]). Where, as here, the mother's contentions are mainly attacks on the father's veracity, we defer to Family Court's opportunity to assess the witnesses and evaluate their credibility (*see Matter of Anson v Anson*, 20 AD3d 603, 604 [2005], *lv denied* 5 NY3d 711 [2005]).

It is undisputed that the joint custody order was not appropriate as the parties did not communicate and rarely attempted to. Family Court frankly acknowledged that both parties exhibited some troubling behaviors, resulting in the court issuing orders of protection and requiring both parties to engage in certain services. Although the father had a seizure disorder which he had not always kept under control, his testimony—which was accepted by the court—established that he was currently seeking medical treatment, regularly took his medication, ceased driving and had a plan in place in case he had a seizure. Testimony of the father and school personnel showed that he kept in touch with the school and was supportive of the children's education. While the mother had also been involved with their education and medical issues, the evidence supports the court's findings that she was hostile, argumentative, and physically and verbally abused the children. The mother moved several times, obtaining a new address, phone number and enrolling the children in a new school district, without informing the father. One of these moves was made in direct contravention of a court order. Through these actions, she interfered with the father's visitation and disrupted the continuity of the children's education and counseling. During the pendency of the hearing, while the children were temporarily placed with the father, their hygiene and behavior at school improved. Under the circumstances, where each parent had some parenting deficiencies and did not communicate well with the other parent, we cannot say that the court abused its discretion in granting sole custody to the father.

The record supports Family Court's determination that the mother willfully violated one prior order, not two. A willful

violation of a Family Court order must be established by clear and convincing evidence (*see Matter of Blaize F.*, 48 AD3d 1007, 1008 [2008]). The mother's own testimony established that she prevented the father from exercising his visitation on more than one occasion, moved and scheduled an eye appointment for the children both without notifying him. These actions constituted violations of the September 2005 custody order. Whether these violations were willful distills to a credibility determination; we decline to disturb the court's findings in that regard (*see id.* at 1009). While the record indicates that the mother may have violated the June 2006 order of protection, there was no evidence that she did so on the dates listed in the father's violation petition. Accordingly, we uphold the court's determination that the mother willfully violated the September 2005 order but reverse the finding concerning the June 2006 order. Because the court suspended the sanction of 15 days of incarceration, we need not remit.

Finally, we reject, as completely baseless, the mother's allegations that Family Court exhibited gender bias against her (*see Anonymous v Anonymous*, 287 AD2d 306 [2001], *lv denied* 97 NY2d 611 [2002]).

Peters, J.P., Spain, Lahtinen and Kavanagh, JJ., concur. Ordered that the order entered March 30, 2007 with respect to custody and visitation is affirmed, without costs.

Ordered that the order entered March 30, 2007 finding petitioner in willful violation of prior orders of the Family Court of St. Lawrence County is modified, on the facts, without costs, by reversing so much thereof as found petitioner in willful violation of the June 2006 order of protection, and, as so modified, affirmed.