■ In the Matter of JAMES L. OMAHEN, Appellant, v SUEKO OMAHEN, Respondent. (And Four Other Related Proceedings.) [882 NYS2d 558]—

Malone Jr., J. Appeal from an order of the Family Court of Delaware County (Becker, J.), entered May 22, 2008, which, among other things, granted respondent's application, in five proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) were married in 1985 and are the parents of a daughter and a son (born in 1993 and 1995, respectively). The parties separated in 1998, without a written agreement, and the mother was subsequently granted a divorce, but the judgment of divorce was reversed on appeal (*Omahen v Omahen*, 289 AD2d 890 [2001], *lv denied* 97 NY2d 613 [2002]). In May 2007, following several prior custody orders and in resolution of the father's petition to modify custody, Family Court entered an order upon stipulation whereby the parties shared legal custody of the children, with the mother having primary physical custody of the children and the father having substantial parenting time. The father commenced several proceedings in June 2007, alleging that "[j]oint custody ha[d] completely broke[n] down" and seeking sole custody of the children. He also sought a finding that the mother had violated Family Court's custody order by interfering with his visitation with the daughter. The mother filed a cross petition seeking sole custody of the children as well. Following a fact-finding hearing and *Lincoln* hearing with both children, the court awarded sole custody to the mother and dismissed the father's violation petitions. The father appeals and we affirm.

An existing custody arrangement will be modified only where circumstances have changed such that modification is necessary to further the children's best interests (*see Matter of Zwack v*

*Kosier*, 61 AD3d 1020, 1021 [2009]; *Matter of Langley v Spano*, 58 AD3d 1082, 1082-1083 [2009]; *Matter of Cobane v Cobane*, 57 AD3d 1320, 1321-1322 [2008], *lv denied* 12 NY3d 706 [2009]). Here, such a change was demonstrated by the parties' manifest inability to cooperate, even for the sake of their children. "[W]here the relationship between joint custodial parents has so deteriorated as to make cooperation for the good of the children impossible, a significant change in circumstances has been demonstrated and modification of the prior custody agreement is warranted" (*Matter of Ferguson v Whible*, 55 AD3d 988, 990 [2008]; *see Matter of Zwack v Kosier*, 61 AD3d at 1021; *Matter of Bjork v Bjork*, 58 AD3d 951, 952 [2009], *lv denied* 12 NY3d 708 [2009]). The father admitted that "it is without saying that the [parties] cannot get along or agree on the best interests of the child[ren] to continue as joint custody parents" and the mother unequivocally shared that view, which was also substantiated by the record.*

Having determined that a sufficient change in circumstances had occurred, Family Court was required to consider the children's best interests in crafting a new arrangement (*see Matter of Langley v Spano*, 58 AD3d at 1083; *Matter of Goldsmith v Goldsmith*, 50 AD3d 1190, 1191 [2008]). Among the relevant factors to be taken into account are stability in the children's lives, each parent's home environment, each parent's past performance and ability to provide for the children's intellectual and emotional development, and the children's wishes (*see Matter of Zwack v Kosier*, 61 AD3d at 1022; *Matter of Miller v Murray*, 61 AD3d 1295, 1296 [2009]; *Matter of Fletcher v Young*, 281 AD2d 765, 767 [2001]). According due deference to Family Court's credibility determinations, we agree that the children's best interests will be served by awarding the mother sole legal custody (*see Matter of Zwack v Kosier*, 61 AD3d at 1022; *Matter of Langley v Spano*, 58 AD3d at 1083). Among other reasons, the children have lived with their mother since the parties' separation, and she has proven her ability to provide a nurturing environment for the children.

Next, we are unpersuaded that Family Court abused its discretion in dismissing the father's petitions alleging that the mother violated the court's previous custody order (*see Matter of Aurelia*

---

* Typically, the change in circumstances analysis looks only as far back as the last custody order, which in this case was entered in May 2007. However, considering the enduring pattern of behavior between the parties and the children's interest in a final resolution to the situation, to the extent that Family Court considered events preceding May 2007, the court did not abuse its discretion (*see Matter of McGovern v McGovern*, 58 AD3d 911, 913 [2009]).

*v Aurelia*, 56 AD3d 963, 964 [2008]). To support a civil contempt finding, the petitioner must show by clear and convincing evidence "that there was a lawful court order in effect that clearly expressed an unequivocal mandate, that the person who allegedly violated the order had actual knowledge of its terms, and that his or her actions or failure to act defeated, impaired, impeded or prejudiced a right of the moving party" (*id.*; *see Labanowski v Labanowski*, 4 AD3d 690, 694 [2004]). Significantly, the petitioner must show that an alleged violation was willful (*see Matter of Cobane v Cobane*, 57 AD3d at 1322-1323; *Matter of Aurelia v Aurelia*, 56 AD3d at 964). Here, Family Court attributed the missed visitations and other alleged violations to the daughter's resistance. The mother testified that she had tried to encourage the daughter to visit the father, but she would simply refuse. Under these circumstances, and according due deference to its credibility determinations (*see Matter of Cobane v Cobane*, 57 AD3d at 1323), the court did not abuse its discretion in finding that the mother did not willfully violate the custody order.

Contrary to petitioner's suggestion, the record does not support a finding that the Law Guardian was biased against him.

Spain, J.P., Kane, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.