▇ In the Matter of NATHAN E. MYERS, Appellant, v JENNY MARKEY, Respondent. (Proceeding No. 1.) In the Matter of JENNY MARKEY, Respondent, v NATHAN MYERS, Appellant. (Proceeding No. 2.) [904 NYS2d 184]—

In two child custody proceedings pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from stated portions of an order of the Family Court, Nassau County (Zimmerman, J.), dated September 3, 2009, which, after a hearing, upon denying the father's motion to designate the Rockville Centre School District as the subject child's school district, inter alia, sua sponte, modified a prior order of the same court dated September 18, 2007, by changing the child's legal residence and limiting the father's residential parenting time and decision-making authority.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the order dated September 18, 2007 is modified accordingly.

On September 18, 2007, when the subject child was three years old, the parties consented to the entry of an order which, inter alia, awarded joint legal and residential custody of the child and provided for equal residential parenting time. The order did not contain a provision regarding the school district where the child would eventually attend kindergarten.

Thereafter, when the parties could not agree as to which school the child would attend, the father filed a petition seeking an order "grant[ing] petitioner's school district-RVC [Rockville Centre]." The petition specifically stated that all parts of the prior order were to "remain intact." In response, the mother filed a petition requesting an emergency hearing to prevent the father from taking the child on September 8, 2009 to the school of the father's choice. Neither petition sought a modification of the prior order. Nevertheless, in the order appealed from, the Family Court modified the prior order by changing the child's legal residence, limiting the father's residential parenting time, and carving out specific areas of decision-making authority. The order appealed from also directed the mother to enroll the child in the Merrick School District; the father does not appeal from this portion of the order.

When the father first appeared in Family Court, he was advised of his right to counsel and chose to proceed without an attorney. Accordingly, he was not denied the right to the assistance of counsel (see Family Ct Act § 262 [a] [v]).

Generally, a court may " 'grant relief that is warranted by the facts plainly appearing on the papers on both sides, if the relief granted is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party' " (Clair v Fitzgerald, 63 AD3d 979, 980 [2009], quoting Frankel v Stavsky, 40 AD3d 918, 918-919 [2007]). Here, the relief directed by the Family Court was completely different from the relief requested by the parties. Moreover, since no request was made to modify the prior order, the parties had no notice and were not afforded an opportunity to address the necessity of such modification. Accordingly, under these circumstances, the Family Court erred in, sua sponte, granting such relief as was not requested by the parties (see Clair v Fitzgerald, 63 AD3d at 980-981; Matter of Alexander v Alexander, 62 AD3d 866, 867 [2009]; Matter of Adams v Bracci, 61 AD3d 1065, 1067 [2009]). Rivera, J.P., Balkin, Austin and Roman, JJ., concur.