■ In the Matter of Craig D. Shannon, Appellant, v Terri Brandow, Respondent. [926 NYS2d 768]—

---

Kavanagh, J.

Pursuant to a February 2009 order, respondent (hereinafter the mother) has custody of the parties' child (born in 2003) and petitioner (hereinafter the father) has court-ordered visitation every Tuesday and alternating weekend days. Subsequently, the father initiated this proceeding claiming that the mother willfully violated the prior order by preventing him from visiting with the child. After a hearing, Family Court determined that the mother had not willfully violated any of the terms of its order. The father now appeals.

To prevail in this proceeding, the father was obligated to establish, by clear and convincing evidence (*see Matter of Cobane v Cobane*, 57 AD3d 1320, 1323 [2008], *lv denied* 12 NY3d 706 [2009]; *Matter of Blaize F.*, 48 AD3d 1007, 1008 [2008]), that the mother had willfully violated a "court order clearly expressing an unequivocal mandate [that] was in effect and that [she] . . . had actual knowledge of its terms" (*Matter of Seacord v Seacord*, 81 AD3d 1101, 1102 [2011] [internal quotation marks and citations omitted]). Here, the child has resisted going with the father for these visits and has repeatedly demonstrated that he is anxious and apprehensive about participating in visitation. These circumstances were confirmed by mental health professionals working with the family as well as a neighbor, who testified to seeing the child become agitated and upset when the father arrived for visitation. In fact, the father has acknowledged that, on occasion, when he arrived for a visit, the child had to be physically compelled to accompany him and, as a result, has been forced to give up time he was scheduled to spend with the child. Equally important, no evidence has been presented that the mother encouraged this conduct on the part of the child or took any action that could be reasonably interpreted as an attempt to prevent the father from having contact with the child. Therefore, we agree with Family Court that the father failed to prove that the mother willfully violated the terms of the order by clear and convincing evidence, and the father's petition was properly dismissed.

Mercure, J.P., Spain, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.