■ In the Matter of HILLARY M. REVET, Appellant, v JUSTIN J. REVET, Respondent. [933 NYS2d 780]—

Peters, J.

Pursuant to a June 2010 order, petitioner (hereinafter the mother) was awarded sole legal and primary physical custody of the parties' son (born in 2009), with respondent (hereinafter the father) having multiple short periods of parenting time each

week.* The order also incorporated an order of protection that directed the father to, among other things, refrain from assault, harassment, intimidation, disorderly conduct or any criminal offense against the mother. Shortly thereafter, the mother commenced this violation proceeding alleging that the father engaged in a verbal and physical confrontation with her during an exchange of the child on June 14, 2010. A hearing was held on that petition and, following the close of testimony, Supreme Court rendered a decision from the bench in which it found that the father had willfully violated the custody order. The court also modified the prior order by, among other things, providing the father with a block of parenting time each week, which served to significantly increase his visitation with the child. The mother now appeals.

We agree with the mother's assertion that Supreme Court erred in awarding the father increased visitation. The only petition before the court was the mother's violation petition, which did not include a request to modify the father's parenting time. At no time prior to or during the hearing did any of the parties request a modification of the father's visitation schedule, and the testimony at the hearing was narrowly focused on the June 14, 2010 incident which formed the basis of the violation petition. It was only after the close of all testimony that Supreme Court indicated its intent to alter the father's visitation schedule, in order to reduce the opportunity for confrontation between the parents. Even then, the court stated that its "purpose isn't to expand . . . [the father's] parenting time," but to compact it to a longer block of time. Yet, inexplicably, the court did just that. Given the prejudice to the mother in that she neither had notice that modification of the father's parenting time would be at issue in this proceeding nor an opportunity to present evidence as to the propriety of such a modification, we must reverse that part of Supreme Court's order granting the father increased visitation (see Matter of Myers v Markey, 74 AD3d 1344, 1345 [2010]; Matter of Otsego County Dept. of Social Servs. v Mathis, 71 AD3d 1298, 1299 [2010]; Matter of Terry I. v Barbara H., 69 AD3d 1146, 1149 [2010]; see also Matter of Williams v Taylor, 234 AD2d 809, 810 [1996]; Matter of Nakis-Batos v Nakis, 191 AD2d 443, 444 [1993]; compare Matter of Heintz v Heintz, 28 AD3d 1154, 1155 [2006]; Matter of Fitzgerald

---

* Specifically, the father was granted parenting time for a six-hour period on Mondays, on Tuesdays from 5:00 P.M. to Wednesdays at 9:15 A.M., and on Saturdays from 5:00 P.M. to Sundays at 12:00 P.M. On alternating weeks, the father received additional parenting time on Thursday from 5:00 P.M. to Friday at 7:30 A.M.

*v Fitzgerald*, 68 AD2d 996, 997 [1979]). Furthermore, given the limited nature of the hearing on the violation petition, Supreme Court did not have sufficient information before it to enable it to determine whether an increase in the father's parenting time would serve the child's best interests (*see Dwyer v De La Torre*, 260 AD2d 773, 774 [1999]; *see also Matter of Twiss v Brennan*, 82 AD3d 1533, 1535 [2011]). In light of our determination, we need not address the mother's remaining contention.

Mercure, A.P.J., Spain, Rose and Kavanagh, JJ., concur. Ordered that the amended order is modified, on the law, without costs, by reversing so much thereof as granted respondent increased parenting time with the child, and, as so modified, affirmed.