◼ In the Matter of ELISA A. CONSTANTINE, Appellant, v PETER HOPKINS, Respondent. [955 NYS2d 276]—

Stein, J.

Following a hearing held on the mother's violation petition, Family Court dismissed the petition, concluding that the evidence did not support a finding that the father had willfully violated the prior order. In addition, Family Court modified the 2007 order, sua sponte, by directing that all visitation take place in the City of Ithaca, Tompkins County, where the father and the child reside, at a location and time designated by the father, and that all transportation costs related to visitation be paid by the mother. After receiving Family Court's decision, both parties withdrew their modification petitions. The mother now appeals.

In order to prevail on her violation petition, the mother was required to show that the father's actions or failure to act "defeated, impaired, impeded or prejudiced" a right of the mother (*Matter of Aurelia v Aurelia*, 56 AD3d 963, 964 [2008]; *accord Matter of Yishak v Ashera*, 90 AD3d 1184, 1184-1185 [2011]; *Matter of Omahen v Omahen*, 64 AD3d 975, 977 [2009]) and that the father's alleged violation was willful (*see Matter of Holland v Holland*, 80 AD3d 807, 808 [2011]; *Matter of Omahen v Omahen*, 64 AD3d at 977). Here, the mother testified that the father stopped bringing the child to visitation from September 2010 until July 2011. The father testified that the mother has never contributed to the cost of transportation and that, after he transported the child for visitation on September 24, 2010 and the mother failed to show up, he asked that she help with the costs. According to the father, he could not afford to transport the child without financial help from the mother, who does not have a driver's license or own a car. When the mother refused the father's request to assist with the cost of transportation and thereafter failed to contact him concerning visitation or the transportation costs, the father stopped driving the child to visitation. The parties did not speak again until Christmas Day 2010, when the child called the mother. Even after that conversation, the mother failed to contact the father to arrange visitation. However, the visitation resumed in July 2011, after the father contacted the mother following a court appearance. Family Court credited the father's testimony regarding the financial impact of the transportation costs and attributed the

missed visitations to the mother's unwillingness to contribute to those costs and her general lack of interest in the child's life. Giving deference to Family Court's credibility determinations (*see Matter of Cobane v Cobane*, 57 AD3d 1320, 1323 [2008], *lv denied* 12 NY3d 706 [2009]), we find that the record evidence supports the finding that the father did not willfully violate the prior order (*see Matter of Columbia County Dept. of Social Servs. v Kristin M.*, 92 AD3d 1101, 1103 [2012]; *Matter of Omahen v Omahen*, 64 AD3d at 977).

We agree, however, with the mother's contention that Family Court erred in modifying the prior order. The court specifically advised the parties at the commencement of the hearing that it would be limited to the mother's violation petition against the father. In light of the fact that the mother did not have notice that the terms of her visitation would be an issue during this proceeding, the modification of the prior order must be reversed (*see Matter of Revet v Revet*, 90 AD3d 1175, 1176 [2011]; *Matter of Myers v Markey*, 74 AD3d 1344, 1345 [2010]). Further, given that the subject of the hearing was the father's alleged violation of the prior order, Family Court did not have sufficient information to determine whether the mother's ability to contribute to the transportation costs and whether modifying the terms of her visitation was in the child's best interests (*see Matter of Revet v Revet*, 90 AD3d at 1177; *Matter of Myers v Markey*, 74 AD3d at 1345).

Mercure, J.P., Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the amended order is modified, on the law, without costs, by reversing so much thereof as modified the prior order of custody and visitation, and, as so modified, affirmed.