## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  February 19, 2015          518060
_____

In the Matter of BARBARA L.,
                    Respondent,

    v                                MEMORANDUM AND ORDER

ROBERT M.,
                    Appellant.
_____

Calendar Date:  January 6, 2015

Before:  Garry, J.P., Egan Jr., Lynch and Clark, JJ.

_____

    Ivy M. Schildkraut, Monticello, for appellant.

    Hannah R. Prall, Bloomingburg, attorney for the child.

_____

Lynch, J.

    Appeal from an order of the Family Court of Sullivan County
(McGuire, J.), entered November 22, 2013, which granted
petitioner's application, in a proceeding pursuant to Family Ct
Act article 6, to find respondent in violation of a prior custody
order.

    Petitioner (hereinafter the mother) and respondent
(hereinafter the father), who never married or lived together,
are the parents of a child born in 2009.  Since 2011, the parties
have commenced numerous proceedings with regard to the child (see
e.g. Matter of Barbara L. v Robert M., 116 AD3d 1101 [2014]).
Pursuant to a May 2012 order, the mother has sole custody of the
child and the father has parenting time every week from 11:00
a.m. on Thursday to 12:00 p.m. on Saturday, and the parties were
directed to "engage the services of a parenting coach."  Pursuant
to a January 2013 order, Family Court partially granted the

mother's petition to modify the May 2012 order and, as relevant here, ordered that the father's paramour was to have "absolutely no contact" with the child. In July 2013, the mother filed a violation petition alleging that the father did not attend parenting classes as directed and allowed the child to have contact with his paramour. After a trial, Family Court determined that the father violated both the May 2012 and January 2013 orders because he only attended two sessions with the parenting coach and he allowed the child to be home with the paramour while he was at work, but that the violations were not willful. Family Court also rescinded the father's parenting time, ordered that the father was "not to communicate" or "cause a third party to communicate" with the child and directed the mother and father to "engage the services of a parenting coach until the parenting coach is satisfied that [the father] understands that his actions of placing the [child] as a weapon is detrimental to [the child]." The father now appeals.

Initially, giving due deference to Family Court's credibility assessments, we do not find that the court erred in its determination that the father violated the May 2012 and January 2013 orders, but that the violations were not willful (see Matter of Cobane v Cobane, 119 AD3d 995, 996 [2014]; Matter of Omahen v Omahen, 64 AD3d 975, 977 [2009]). We note that although the father appealed the January 2013 order, there was no stay issued, and he remained obligated to comply with it during the pendency of that appeal (see Matter of Balter v Regan, 63 NY2d 630, 631 [1984], cert denied 469 US 934 [1984]; People v Malone, 3 AD3d 795, 797 [2004], lv denied 2 NY3d 763 [2004]).[1]

As limited by the father's brief, the only remaining issue is whether Family Court properly modified the May 2012 order by rescinding his parenting time and prohibiting any access to the child. We agree with the father that, because he did not have

---

[1]   In Matter of Barbara L. v Robert M. (supra), which was the appeal from the January 2013 order, we determined that Family Court's order that there be "no contact" between the child and the father's paramour was improper, and remitted the matter for a clarification as to the restrictions on the paramour's role.

notice that his parenting time would be at issue, the court erred when it sua sponte modified the prior order (see Matter of Constantine v Hopkins, 101 AD3d 1190, 1192 [2012]). Review of the record confirms that the hearing was limited to the mother's violation petition, which did not include a request that the father's parenting time be terminated (see id.; Matter of Revet v Revet, 90 AD3d 1175, 1176 [2011]; Labanowski v Labanowski, 4 AD3d 690, 695 [2004]). Accordingly, Family Court erred when it modified the order by rescinding the father's parenting time (see Matter of Constantine v Hopkins, 101 AD3d at 1192).

Garry, J.P., Egan Jr. and Clark, JJ., concur.


ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as rescinded respondent's parenting time and prohibited him access to the child, and, as so modified, affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court