# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**189**
**CAF 13-01436**
PRESENT: PERADOTTO, J.P., CARNI, SCONIERS, AND WHALEN, JJ.

---

IN THE MATTER OF APRIL K. DEJESUS,
PETITIONER-RESPONDENT-APPELLANT,

V                                                    MEMORANDUM AND ORDER

RODNEY N. HAYMES, RESPONDENT-PETITIONER-RESPONDENT.

---

PAUL M. DEEP, UTICA, FOR PETITIONER-RESPONDENT-APPELLANT.

---

Appeal from an order of the Family Court, Oneida County (Frank S. Cook, J.H.O.), entered July 25, 2013 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, found that petitioner-respondent had willfully violated a prior court order.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner-respondent mother and respondent-petitioner father are the parents of four children. The parties stipulated to an order of custody that, among other things, granted the father visitation with the children during the first three weekends of each month. The mother allegedly denied the father access to the children in the fall of 2012 and winter of 2013. In December 2012, the father filed a petition for enforcement of the order of custody and, in January 2013, a petition for the violation thereof. Family Court found that the mother had willfully violated the order of custody. We affirm.

We reject the mother's contention that the court erred in finding that her violation of the order was willful. The mother presented evidence at trial that the children did not want to visit the father because they were afraid of him owing to fist fights with his girlfriend, his physical aggression toward them, and his drug use. According to the mother, her violation of the order was not willful inasmuch as she was justified in not subjecting the children to such an environment. The father, however, presented evidence that, after conducting an investigation, caseworkers from the Oneida County Department of Social Services found his home to be safe for the children. The father testified that what the children thought to be an illegal drug in his home was actually flavored tobacco from the smoke shop he owned. The father also provided evidence that the domestic violence to which the mother referred was actually just one incident in 2009 during which he had an argument with his girlfriend and that, contrary to the mother's testimony, it was her own house

that was unfit for the children because of her history of drug use.

Given the conflicting nature of the evidence, whether the mother's violation was willful with respect to her denial of the father's custodial access to the children "distills to a credibility determination" (*Matter of Cobane v Cobane*, 57 AD3d 1320, 1323, *lv denied* 12 NY3d 706). "Given the court's unique opportunity to assess the credibility of the witnesses and observe their demeanor . . . , [its findings] are entitled to great deference and will not be disturbed where, as here, there is a sound and substantial basis in the record for those findings" (*Matter of Wojcik v Newton* [appeal No. 2], 11 AD3d 1011, 1012 [internal quotation marks omitted]; *see Matter of Tarrant v Ostrowski*, 96 AD3d 1580, 1580-1581, *lv denied* 20 NY3d 855).

Entered:  March 20, 2015                    Frances E. Cafarell
                                            Clerk of the Court