■ In the Matter of CHRISTIAN GENITRINI, Appellant, v ELIZABETH GRILL, Respondent. (Proceeding No. 1.) In the Matter of ELIZABETH GRILL, Respondent, v CHRISTIAN GENITRINI, Appellant. (Proceeding No. 2.) [10 NYS3d 248]—

Appeal from an order of the Family Court, Westchester County (Janet C. Malone, J.), entered November 4, 2013. The order, insofar as appealed from, granted those branches of the mother's petitions which were for a finding that the father wilfully violated a prior order of that court (Hal Greenwald, J.), entered December 17, 2012, and directed the father to "transport the subject children to and from Hebrew School" during his access time with the children.

Ordered that the order entered November 4, 2013, is modified, on the law, (1) by deleting the provision thereof granting those branches of the mother's petitions which were for a finding that the father wilfully violated the prior order of that court entered December 17, 2012, and substituting therefor a provision denying those branches of the petitions, and (2) by adding a provision thereto directing that the mother shall transport the subject children to and from Hebrew School during her access time with the children; as so modified, the order entered November 4, 2013, is affirmed insofar as appealed from, with costs payable to the father by the mother.

The parties' stipulation of settlement provided that their two children would be raised in the Jewish faith, including attendance at religious school (*see Matter of Grill v Genitrini*, 113

AD3d 767 [2014]). In an order dated December 14, 2012, and entered December 17, 2012, the Family Court modified the parties' judgment of divorce to provide that their son "shall attend Hebrew School," but the order was silent as to any parental obligation to transport either child to and from Hebrew School. Accordingly, the Family Court erred in concluding that the father wilfully violated that order in failing to transport the parties' children to and from Hebrew School (*see generally Matter of Constantine v Hopkins*, 101 AD3d 1190 [2012]). Nonetheless, we direct that, in the future, during the time when the subject children are enrolled in Hebrew School, the parent having physical custody of the children on any day when they are scheduled to attend Hebrew School shall be responsible for transporting the children to and from that school. Balkin, J.P., Roman, Sgroi and LaSalle, JJ., concur.