*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 2, 2016                    520999
_____

In the Matter of RACHEL A.
    PREFARIO,
                        Appellant,

            v                                   MEMORANDUM AND ORDER

CHRISTOPHER GLADHILL,
                        Respondent.
_____

Calendar Date:  April 21, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch, Devine and Mulvey, JJ.

                        _____


        Samuel D. Castellino, Big Flats, for appellant.

        John M. Scanlon, Binghamton, attorney for the child.

                        _____


Devine, J.

        Appeal from an order of the Family Court of Broome County
(Pines, J.), entered March 26, 2015, which dismissed petitioner's
application, in a proceeding pursuant to Family Ct Act article 6,
to find respondent in willful violation of a prior order of
visitation.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the divorced parents of a son (born
in 1999).  As set forth in a 2011 decision of this Court, the
father has sole legal and physical custody of the child and the
mother is entitled to visitation on alternate Wednesday evenings
and alternate weekends (Matter of Prefario v Gladhill, 90 AD3d
1351, 1354-1355 [2011]).  The mother commenced the instant
violation proceeding in July 2014, alleging that the father had
willfully deprived her of visitation with the child to which she

was entitled.  Family Court conducted a hearing at which the child testified, and thereafter concluded that the father did not willfully violate the prior order because the lack of visitation stemmed solely from the child's actions.  The mother now appeals.

As the proponent of the violation petition, the mother was obliged to establish that there was a lawful court order in effect with a clear and unequivocal mandate, that the father had actual knowledge of the conditions of that order, and that his "actions or failure to act 'defeated, impaired, impeded or prejudiced' a right of the mother" (Matter of Constantine v Hopkins, 101 AD3d 1190, 1191 [2012], quoting Matter of Aurelia v Aurelia, 56 AD3d 963, 964 [2008]; see Matter of Eller v Eller, 134 AD3d 1319, 1320 [2015]).  A further requirement is that the father's alleged violation be willful (see Matter of Eller v Eller, 134 AD3d at 1320; Matter of Constantine v Hopkins, 101 AD3d at 1191).

There is no dispute that the mother's efforts to exercise scheduled visitation from December 2013 through July 2014 were unsuccessful.  The mother was in regular contact with the father to facilitate visitation during that period, and the father consistently put her off with assurances that he would get back to her after checking the child's calendar or that the child himself would be in touch to arrange visitation.  The father agreed that scheduled visitation did not occur, but testified that he had no objection to visitation, that he always told the child about the mother's efforts to arrange it, and that it was the child's decision not to contact or visit with her.  The child agreed that he was aware of the mother's efforts to arrange visitation and denied that the father had discouraged him from visiting with his mother, although the father did nothing to encourage it either, telling the child that it was up to him to decide whether he wanted to call his mother or engage in visitation.[1]  The child testified that the choice not to engage

---

[1]  Family Court rebuffed the expectation of the attorney for the child that a Lincoln hearing would be conducted, opining that the child was "old enough" to testify in open court.  We take this opportunity to reiterate "that confidential Lincoln hearings

in that visitation was his alone, citing the fact that he was "always busy."

There is a disturbing dearth "of evidence of any efforts by [the father] to facilitate compliance with the court-ordered visitation" (Matter of Aurelia v Aurelia, 56 AD3d at 966; cf. Matter of Omahen v Omahen, 64 AD3d 975, 977 [2009]). We have, in fact, previously noted the father's tendency to be "somewhat passive" in those efforts, and in no way condone his continuing failures in that regard (Matter of Prefario v Gladhill, 90 AD3d at 1353). That being said, neither the custody order nor our 2011 modifications to it explicitly require the father to encourage the child to engage in visitation. Family Court credited the child's testimony that the cessation in visitation stemmed from his decisions and that his father played no role in it, and we accord due deference to that determination (see Matter of Barbara L. v Robert M., 125 AD3d 1148, 1149 [2015]). Thus, we cannot say that Family Court abused its discretion in finding that the father did not willfully violate the 2011 order (see Matter of Constantine v Hopkins, 101 AD3d at 1191-1192; Matter of Shannon v Brandow, 86 AD3d 752, 753 [2011]; Matter of Omahen v Omahen, 64 AD3d at 977).

McCarthy, J.P., Egan Jr., Lynch and Mulvey, JJ., concur.

-------

are conducted in proceedings pursuant to Family Ct Act article 6 because a child who is explaining the reasons for his or her preference should not be placed in the position of having his or her relationship with either parent further jeopardized by having to publicly relate his or her difficulties with them or be required to openly choose between them" (Matter of Battin v Battin, 130 AD3d 1265, 1266 [2015] [internal quotation marks, brackets, ellipsis and citations omitted]; see Matter of Gonzalez v Hunter, 137 AD3d 1339, 1342-1343 [2016]). Those concerns are valid regardless of the child's age, and requiring the child here to publicly testify could easily have caused him to be less than candid regarding the reasons why court-ordered visitation has not occurred (see Matter of Battin v Battin, 130 AD3d at 1266; Matter of McGovern v McGovern, 58 AD3d 911, 913 n 2 [2009]).

ORDERED that the order is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court