*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    January 5, 2017                    521716
_____

In the Matter of JAMES XX.,
                        Appellant,

        v

TRACEY YY.,
                        Respondent.

(Proceeding No. 1.)
_____            MEMORANDUM AND ORDER

In the Matter of TRACEY YY.,
                        Respondent,

        v

JAMES XX.,
                        Appellant.

(Proceeding No. 2.)
_____


Calendar Date:    November 22, 2016

Before:   Garry, J.P., Egan Jr., Rose, Clark and Mulvey, JJ.

                        _____


        Susan Patnode, Rural Law Center of New York, Castleton
(Cynthia Feathers of counsel), for appellant.

        Thomas B. Wheeler, Potsdam, for respondent.

        Rachel A. Rappazzo, Schenectady, attorney for the children.

                        _____

Mulvey, J.

        Appeal from an order of the Family Court of St. Lawrence
County (Champagne, J.), entered August 11, 2015, which, among
other things, partially dismissed petitioner's application, in
proceeding No. 1 pursuant to Family Ct Act article 6, to hold
respondent in violation of a prior order of custody.

        James XX. (hereinafter the father) and Tracey YY.
(hereinafter the mother) are the parents of two daughters (born
in 1998 and 2000).  Based on a stipulation of the parties, Family
Court (Morris, J.), in a modified order dated April 7, 2014, set
forth the parties' agreement providing for joint legal custody of
the children with primary physical custody to the mother and
detailed parenting time to the father.  The order also prohibited
the father from contacting the mother for any reason, other than
to notify her of when he and the children had agreed to adjust
the visitation schedule, and it expressly directed the father to
notify the mother by "leav[ing] a message . . . on the telephone
number provided to [him]."

        In April 2014, the father filed a violation petition
(proceeding No. 1) alleging that the mother had failed to honor
the visitation schedule and neglected to keep the father informed
about the children's medical care.  In March 2015, the mother
filed a family offense petition (proceeding No. 2) accusing the
father of harassment.  Family Court (Champagne, J.) found that
the mother had violated the custody order, but had not done so
willfully, and it therefore partially dismissed that petition.
Family Court also found that the father had committed a family
offense of second degree harassment.  The father appeals, and we
affirm.

        The father, as a proponent of a violation petition, was
obligated to show the existence of a lawful court order in effect
with a clear and unequivocal mandate, that the mother had actual
knowledge of the conditions of the order, and that the mother's
"actions or failure to act defeated, impaired, impeded or
prejudiced" the father's rights, and that the alleged violation
was willful (Matter of Prefario v Gladhill, 140 AD3d 1235, 1236
[2016] [internal quotation marks and citations omitted]; see

Matter of Eller v Eller, 134 AD3d 1319, 1320 [2015]; Matter of Constantine v Hopkins, 101 AD3d 1190, 1191 [2012]). The father testified concerning an incident that occurred on Easter Sunday 2014 when he was unable to exercise his visitation rights. The record shows that the father arrived at the mother's residence to pick up the children, but the children refused to go with him. The mother did not dispute the father's testimony and claimed that the children told her that they did not want to see the father. A witness for the father testified to another instance of missed visitation during "late summer" of 2014 when the father was supposed to meet the children for a scheduled visit. When the children did not arrive at the agreed meeting place, the witness called the mother, who told her that the children would not be coming.

A violation of a visitation schedule embodied in a court order may not be willful if it is due to the child's resistance to visitation (see Matter of Prefario v Gladhill, 140 AD3d at 1237; Matter of Omahen v Omahen, 64 AD3d 975, 977 [2009]). Family Court found that the relationship between the father and the children was often "toxic and volatile" and that, at times, there was a total breakdown of the relationship between the father and the children. The mother's testimony, and the record of the children's text messages to and from the father, provided ample evidence that the children often vehemently resisted visiting the father. In its decision, Family Court found that the children simply would not attend visitation with the father unless it was convenient for them (see Matter of Prefario v Gladhill, 140 AD3d at 1237). Accordingly, Family Court correctly found that, although there were violations of the modified order, they were not willful on the part of the mother, but, rather, due to the children's resistance to visitation, and its credibility determinations are entitled to deference (see Matter of Prefario v Gladhill, 140 AD3d at 1237; Matter of Yishak v Ashera, 90 AD3d 1184, 1185 [2011]; Matter of Omahen v Omahen, 64 AD3d at 977; Matter of Cobane v Cobane, 57 AD3d 1320, 1323 [2008], lv denied 12 NY3d 706 [2009]).

Another alleged violation concerned whether the mother failed to notify the father in advance of a dental appointment of one of the children. The father testified that he learned of

this appointment only by chance because he happened to have an appointment in the same office at the same time. The mother conceded that she did not notify the father in advance because she believed that the child had done so directly. Family Court did not abuse its discretion by determining that the mother's admitted failure to provide the father with advance notice of a single dental appointment did not constitute a willful violation, given her explanation that she believed that the child had notified the father of such appointment (see Matter of Munson v Fanning, 84 AD3d 1483, 1484 [2011]; compare Matter of Aurelia v Aurelia, 56 AD3d 963, 964 [2008]).

The mother's family offense petition filed by the mother alleged that the father "constantly" sent text messages to the mother despite the custody order's prohibition against any contact with her other than telephone calls regarding the visitation schedule. The petition further alleged that the father, among other things, "[s]cream[ed]" at the children and told them he would take them for visitation by force if they refused to follow the court-ordered schedule. "A person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person[,] . . . [h]e or she engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose" (Penal Law § 240.26 [3]; see Matter of Maureen H. v Bryon I., 140 AD3d 1408, 1410 [2016]).

The record shows that the father sent text messages to the mother dozens of times although he was prohibited from doing so by the modified order, and that he continued to do so even after the mother repeatedly instructed him to stop. The father acknowledged that the mother had told him to stop. Although many of these text messages pertained to the visitation schedule, others threatened the mother. With respect to the father's text messages to the children, some regarded attempts to arrange visitation, but others contained profanity and threats, and there was evidence that showed this behavior also occurred during telephone calls with the children. The father continued to send text messages to the children despite being asked to stop.

"[B]adger[ing]" someone through "repeated telephone calls and text messages" despite numerous requests to stop may amount to second degree harassment (Matter of Lynn TT. v Joseph O., 129 AD3d 1129, 1130-1131 [2015]; see Matter of Christina Z. v Bishme AA., 132 AD3d 1102, 1103 [2015]). "Whether a family offense has been committed is a factual issue to be resolved by Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal" (Matter of Lynn TT. v Joseph O., 129 AD3d at 1129 [internal quotation marks, brackets, ellipses and citation omitted]; see Matter of Maureen H. v Bryon I., 140 AD3d at 1409–1410). Our review of the record supports Family Court's determination that these text messages "annoyed" and "alarmed" the mother and the children and that they "served no legitimate purpose." Family Court's finding of a family offense is supported by the record before us.

Garry, J.P., Egan Jr., Rose and Clark, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court