■ In the Matter of MUNAZZA REHMAN, Appellant, v AATIF SHEIKH, Respondent. [58 NYS3d 734]—

Mulvey, J. Appeal from an order of the Family Court of Chemung County (Tarantelli, J.), entered December 2, 2015,

which, among other things, partially dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the divorced parents of a daughter (born in 2005). Pursuant to a 2008 voluntary separation and property settlement agreement (hereinafter the separation agreement), the mother and the father have joint legal custody of the daughter, with the mother having sole physical custody and the father having parenting time.[1] In 2010, the parties entered into a parenting plan that addressed the father's parenting time in greater detail, and that plan was incorporated into a consent order issued in November 2010 in Maryland. In July 2014, in response to the father's modification petition, the parties agreed on the record to modify the parenting plan. An order was entered in March 2015 which, among other things, incorporated the 2014 modified parenting plan, as well as the 2010 parenting plan and consent order and the separation agreement, to the extent that they had not been modified. The transcript of the 2014 proceedings, which was incorporated into the 2015 order, reflects that the parties contemplated the father's pending reassignment to a duty post in Colorado, and provided that the father was to bear the round-trip transportation expenses for the daughter to fly between New York and Colorado.[2] In April 2015, the mother commenced this proceeding to modify the 2015 order claiming that, among other things, the father had missed part of his scheduled parenting time over the daughter's 2015 spring break, which constituted a change in circumstances, and that it would be in the daughter's best interests to reduce the father's parenting time. After a hearing, Family Court, among other things, declined to modify the agreed-upon parenting time arrangements incorporated in the 2015 order, clarified provisions regarding transportation expenses and imposed a restriction against the mother's relocation of the daughter outside of Chemung County. The mother appeals.

"As the party seeking to modify visitation, it was the [mother's] burden to first demonstrate a change in circumstances since the entry of the [2015] order, and if this burden

---

1. The parties were divorced in Maryland in November 2008, and the separation agreement was incorporated but not merged into the judgment of divorce.

2. The father was a Lieutenant Colonel in the United States Army. The order also provided that the daughter was not to fly alone and, in acknowledgment of his increased parenting time expenses, the father's child support obligation was modified downward.

was met, then demonstrate that modification of the visitation order is in the child[ ]'s best interests" (*Matter of Newman v Doolittle*, 151 AD3d 1233, 1233-1234 [2017]; *see Matter of William O. v John A.*, 148 AD3d 1258, 1259 [2017], *lv denied* 29 NY3d 908 [2017]). Significantly, the mother filed the present petition within one year after the parties had, by their agreement on the record, resolved the issue of the father's parenting time, among others. A review of the record reflects that this latest petition was filed shortly after the father, unexpectedly, was unable to fully participate in his scheduled 2015 spring break parenting time with the daughter. To that end, the court credited the father's testimony that he picked up the daughter from the mother intending to fly back to Colorado with the daughter the next day, but his request for leave was denied for the date he needed to return her from Colorado to the mother. After discussing the matter with the daughter, the father left her with his parents and brother in Maryland and returned to Colorado, and later emailed the mother to advise her that his parents would be returning the daughter on the agreed-upon day, which they did. The mother's argument is that the daughter should have been returned to her when the father was unable to fully exercise his parenting time and, further, that she did not give permission for this arrangement. We find these contentions unpersuasive.

The allegations in the mother's petition—and, indeed, her testimony—do not demonstrate that the mother met her initial burden. Importantly, the parties have joint legal custody and there is nothing in the separation agreement, parenting plan, consent order or the 2015 order restricting the father's parenting time in the manner urged by the mother. There is no restriction against the daughter visiting or staying with the father's family during his parenting time and, indeed, the mother testified that she was not opposed to the daughter spending time with her paternal relatives and being transported home by her paternal grandparents. The only mention of the location where parenting time must occur is in the original separation agreement, which provided that "[v]isitation shall take place in a suitable environment of the non-residential parent's choosing." A review of the record demonstrates that, other than this isolated incident complained of by the mother, the father exercised his parenting time both before and after the spring break in question and at other permitted times during school breaks and summer vacation. Consequently, the mother has not demonstrated that any new developments or changes have occurred that would justify further intervention by Family Court, and her "dissatisfaction with the stipulated

order, without more, does not demonstrate a change in circumstances that would, in turn, warrant a best interests analysis" (*Matter of Elizabeth NN. v Hannah MM.*, 148 AD3d 1235, 1236 [2017]).

To the extent that the mother takes issue with Family Court's clarification of the 2015 order with regard to the daughter's travel to Pakistan and the parties' responsibility for certain transportation duties, we note that the mother sought such clarifications or raised issues related thereto. In any event, the court, having determined that the order was ambiguous in certain respects, properly clarified the parties' respective obligations, and "it was not necessary that a change in circumstances be established" (*Matter of Barbara L. v Robert M.*, 116 AD3d 1101, 1103 [2014]; *see Matter of Green v Green*, 109 AD3d 1027, 1028 [2013]). We discern no error or abuse of discretion in that clarification.

However, we find that Family Court erred when it imposed, sua sponte, a change of domicile restriction, as neither party had requested this relief or had notice that this issue would be considered (*see Matter of Barbara L. v Robert M.*, 125 AD3d 1148, 1149 [2015]; *Matter of Constantine v Hopkins*, 101 AD3d 1190, 1192 [2012]; *Matter of Revet v Revet*, 90 AD3d 1175, 1176 [2011]). Accordingly, we modify the order by striking the part thereof as prohibited the mother from relocating the daughter outside of Chemung County.

McCarthy, J.P., Egan Jr., Lynch and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as prohibited petitioner from relocating with the child outside of Chemung County, and, as so modified, affirmed.