Matter of Eliza JJ. v Felipe KK. (2019 NY Slip Op 04511)





Matter of Eliza JJ. v Felipe KK.


2019 NY Slip Op 04511


Decided on June 6, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 6, 2019

525932

[*1]In the Matter of ELIZA JJ., Appellant,
v
FELIPE KK. et al., Respondents. (Proceeding No. 1.)
In the Matter of FELIPE KK. et al., Respondents,
v
ELIZA JJ., Appellant. (Proceeding No. 2.)

Calendar Date: May 3, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Rumsey, JJ.


Timothy S. Brennan, Schenectady, for appellant.
Veronica Reed, Schenectady, attorney for the children.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from an order of the Family Court of Schenectady County (Burke, J.), entered October 17, 2017, which, among other things, granted petitioners' application, in proceeding No. 2 pursuant to Family Ct Act article 6, to modify a prior order of custody.
Eliza JJ. is the mother of two children (born in 2006 and 2003). In November 2015, Felipe KK. and Megan KK., the children's great uncle and great aunt (hereinafter collectively referred to as the guardians), were appointed as the kinship guardians of the subject children, who are their great nieces. As relevant here, that order provided the mother with supervised visitation every other Sunday from 4:00 p.m. to 7:00 p.m. and daily phone calls. Inasmuch as the children had witnessed the mother's boyfriend commit acts of domestic violence against her, that order further provided that the children were to have no contact with the mother's boyfriend and prohibited the mother from showing the children any photos of the boyfriend and from receiving phone calls from him during visitation. The order also provided that if the mother violated the conditions of the order, the guardians had "the right to restrict and/or cancel future visits until such a time that all the parties can meet at mediation to discuss the terms of any future visitation."
In August 2016, the mother filed a violation petition alleging that, commencing in June 2016, the guardians had not allowed visits, had restricted phone calls and had not contacted her when the children were ill. The guardians thereafter filed a petition to modify visitation alleging that the mother had violated the visitation order by showing photographs of the boyfriend to the children, receiving phone calls from the boyfriend during visitation and allowing the boyfriend to overhear phone conversations with the children. Mediation conducted in December 2016 was unsuccessful. In October 2017, following a fact-finding hearing and a Lincoln hearing with both children, Family Court dismissed the mother's violation petition and granted the guardians' petition by modifying the mother's visitation schedule to preclude her from having any phone contact with the children and providing for one two-hour supervised visit each month. The mother appeals.
"As the proponent of the violation petition, the mother was obliged to establish that there was a lawful court order in effect with a clear and unequivocal mandate, that the [guardians] had actual knowledge of the conditions of that order, and that [their] actions or failure to act [willfully] defeated, impaired, impeded or prejudiced a right of the mother" (Matter of Prefario v Gladhill, 140 AD3d 1235, 1236 [2016] [internal quotation marks and citations omitted]). There is no dispute that the guardians had actual notice of a valid court-ordered visitation schedule and that they terminated the mother's supervised visits in June 2017. However, the order also provided the guardians with the "right to restrict and/or cancel future visits until such a time that all the parties can meet at mediation" should the mother violate the conditions of the order concerning her boyfriend. Based on Felipe KK.'s credible testimony that the guardians had terminated visitation because the mother had received phone calls from the boyfriend in the presence of the children during visitation, Family Court found that the guardians did not violate the order and, therefore, properly dismissed the mother's violation petition.
With regard to the modification petition, the guardians, as the parties seeking modification of the order, bore "the initial burden of showing a change in circumstances since entry thereof, and, upon satisfying this burden, . . . [to] demonstrate that modification is in the child[ren]'s best interests. Family Court is afforded broad discretion in fashioning an appropriate visitation schedule that promotes the child's best interests, and we will not disturb its determination unless it lacks a sound and substantial basis in the record" (Matter of Perry v Leblanc, 158 AD3d 1025, 1026 [2018] [citations omitted]). The mother's violation of the order by allowing phone contact between the children and her boyfriend during visitation on more than one occasion established a change in circumstances (see Matter of John VV. v Hope WW., 163 AD3d 1088, 1089-1090 [2018]). Turning to the best interests analysis, Family Court found that the mother's violation of the order by exposing the children to her boyfriend was detrimental to the emotional well-being of the children and, in the exercise of its considerable discretion, modified the mother's visitation schedule accordingly by reducing the amount of visitation, eliminating phone contact and precluding the mother from possessing her phone during visits. We decline to disturb the visitation schedule fashioned by Family Court and the conditions it imposed because they have a sound and substantial basis in the record and continue to provide the mother with regular and meaningful access to the children (see id. at 1091).
Garry, P.J., Egan Jr., Lynch and Clark, JJ., concur.
ORDERED that the order is affirmed, without costs.