Matter of Carl KK. v Michelle JJ. (2019 NY Slip Op 06548)





Matter of Carl KK. v Michelle JJ.


2019 NY Slip Op 06548


Decided on September 12, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 12, 2019

526582

[*1]In the Matter of Carl KK., Respondent,
v
Michelle JJ., Appellant. (And Another Related Proceeding.)

Calendar Date: August 21, 2019

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Pritzker, JJ.


Michelle I. Rosien, Philmont, for appellant.
Norbert A. Higgins, Binghamton, for respondent.
Pamela Doyle Gee, Big Flats, attorney for the child.
Terrence Baxter, Corning, attorney for the children.



Clark, J.
Appeal from an order of the Family Court of Chemung County (Baker, J.), entered March 30, 2018, which, among other things, granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 6, to hold respondent in willful violation of a prior order of visitation.
Pursuant to an April 2017 order, which was affirmed upon appeal to this Court (162 AD3d 1273 [2018]), petitioner (hereinafter the father) had weekly supervised parenting time with his four children — a daughter and a set of triplets (born in 2009 and 2011, respectively). Under that order, the parenting time was to occur at the father's home or at an agreed-upon public place on Mondays from 3:30 p.m. to 5:30 p.m. and was to be supervised by a certain employee of the Horseheads Family Resource Center (hereinafter the Horseheads Center). Additionally, the April 2017 order prohibited respondent (hereinafter the mother) from being present during drop-offs, which were to be facilitated by the Horseheads Center employee and the mother's relatives.
In May 2017 and June 2017, the father filed two petitions alleging that the mother had violated the April 2017 order and seeking enforcement of that order. The father subsequently filed an affidavit in support of an order to show cause, in which he alleged that the mother had yet again violated the April 2017 order. In August 2017, after an initial appearance on the father's second violation petition, Family Court issued an order modifying the April 2017 order to the extent of changing the location of the father's weekly parenting time from the father's home to the Horseheads Center and directing that the mother could remain with the children at the Horseheads Center for a maximum of 10 minutes to help facilitate the father's parenting time. Thereafter, in October 2017, the father filed yet another affidavit in support of an order to show cause, in which he alleged that the mother had violated the August 2017 order. Following an apparent off-the-record appearance in November 2017, Family Court further modified the April 2017 order by directing that the father's supervised parenting time could occur at the Horseheads Center on Tuesdays and/or at the Noonie Hood Parent Resource Center on Wednesdays and every other Saturday, or at such times as may be agreed upon.
After conducting a fact-finding hearing in March 2018, Family Court found that the mother had willfully violated the April 2017 order, granted the father's violation petitions accordingly and imposed a 30-day suspended jail sentence upon the mother. The court also granted the father weekly unsupervised parenting time with the children at the father's home on Tuesdays from 3:30 p.m. to 5:30 p.m., with such unsupervised parenting time to commence after four weeks of supervised parenting time at the Horseheads Center. The mother appeals.
The mother first challenges Family Court's determination that she willfully violated the April 2017 order. The proponent of a violation petition must establish, by clear and convincing evidence, that there was a lawful court order in effect with a clear and unequivocal mandate, that the person who allegedly violated the order had actual knowledge of the order's terms, that the alleged violator's actions or failure to act defeated, impaired, impeded or prejudiced a right of the proponent and that the alleged violation was willful (see Matter of Wesko v Hollenbeck, 149 AD3d 1175, 1175-1176 [2017]; Matter of Gerber v Gerber, 145 AD3d 1128, 1129 [2016]; Matter of Prefario v Gladhill, 140 AD3d 1235, 1236 [2016]). In reviewing Family Court's determination on a violation petition, we defer to any credibility assessments made, and we will not disturb the court's decision absent an abuse of discretion (see Matter of Beesmer v Amato, 162 AD3d 1260, 1261 [2018]; Matter of Khan v Khan, 140 AD3d 1252, 1254 [2016]).
The evidence, including testimony from the Horseheads Center employee who helped facilitate the father's parenting time, demonstrated that there were several weeks when the children did not show up for the father's scheduled parenting time and that, on those dates when the father's parenting time did occur, generally at least one child would be absent and/or refuse to get out of the car. The record amply supports Family Court's finding that the missed visits were the result of "a pattern of alienation," a lack of encouragement and/or the mother condoning the behavior of the children and her relatives — that is, the children refusing to get out of the car and her relatives' failure to help facilitate the drop-offs. Deferring to Family Court's credibility determinations, we decline to disturb Family Court's conclusion that the mother consistently violated the April 2017 order and that such violations were willful (see Matter of Jones v Jones, 75 AD3d 786, 788 [2010], lv dismissed 15 NY3d 866 [2010]; Matter of Cobane v Cobane, 57 AD3d 1320, 1323 [2008], lv denied 12 NY3d 706 [2009]; Matter of Aurelia v Aurelia, 56 AD3d 963, 965-966 [2008]).
We, however, agree with the mother that Family Court erred in awarding the father unsupervised parenting time with the children. The mother did not have sufficient notice that modification of the terms of the existing custody order would be at issue during the hearing and, thus, did not have an opportunity to submit evidence on the matter (see Matter of Rehman v Sheikh, 152 AD3d 910, 913 [2017]; Matter of Barbara L. v Robert M., 125 AD3d 1148, 1149 [2015]; Matter of Constantine v Hopkins, 101 AD3d 1190, 1192 [2012]; Matter of Revet v Revet, 90 AD3d 1175, 1176 [2011]). Accordingly, we modify Family Court's order by striking so much thereof as directed that the father's parenting time be unsupervised. The mother's remaining contentions, including her assertion that Family Court was biased against her or prejudged the case, are unsupported by the record (see Matter of Dorsey v De'Loache, 150 AD3d 1420, 1424 [2017]).
Garry, P.J., Egan Jr., Mulvey and Pritzker, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as directed that petitioner's parenting time be unsupervised, and, as so modified, affirmed.