Matter of Alice Q. v Kambrell R. (2021 NY Slip Op 07595)





Matter of Alice Q. v Kambrell R.


2021 NY Slip Op 07595


Decided on December 30, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 30, 2021

532327
[*1]In the Matter of Alice Q., Appellant,
v
Kambrell R., Respondent.

Calendar Date:November 19, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Cliff Gordon, Monticello, for appellant.
Ivy M. Schildkraut, Rock Hill, attorney for the child.



Egan Jr., J.P.
Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered October 15, 2020, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of respondent's child.
Petitioner (hereinafter the grandmother) is the maternal grandmother and respondent (hereinafter the father) is the father of the subject child (born in 2019). The child's mother died in September 2019, less than two months after his birth, and the grandmother commenced this proceeding seeking joint legal and primary physical custody of the child shortly thereafter. After a hearing, Family Court found that the grandmother had not demonstrated extraordinary circumstances that would afford her standing to seek custody of the child (see Domestic Relations Law § 72 [2]; Matter of Suarez v Williams, 26 NY3d 440, 446 [2015]). Family Court further declined to, sua sponte, award the grandmother visitation, as she had not requested an order of visitation and the record was inadequate to assess the issue. The grandmother appeals and, with the support of the appellate attorney for the child, solely argues that Family Court abused its discretion in declining to issue an order of visitation.
We affirm. Although on appeal the grandmother urges this Court to issue an order of visitation, she left no doubt in both her petition and her hearing testimony that she was seeking an award of custody. As Family Court determined, and the grandmother concedes on appeal, she did not "prove the existence of extraordinary circumstances such as surrender, abandonment, persisting neglect, unfitness, and unfortunate or involuntary disruption of custody over an extended period of time, or other like extraordinary circumstances" that would afford her standing to seek custody as against the father (Matter of Suarez v Williams, 26 NY3d at 440 [internal quotation marks and citations omitted]). Given the limited proof before it, Family Court properly deemed it inappropriate to issue an unrequested order of visitation (see Matter of Revet v Revet, 90 AD3d 1175, 1177 [2011]; Matter of Fisk v Fisk, 274 AD2d 691, 692 [2000]).
Lynch, Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.