Matter of Aaron K v Laurie K. (2020 NY Slip Op 06176)





Matter of Aaron K v Laurie K.


2020 NY Slip Op 06176


Decided on October 29, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

526804

[*1]In the Matter of Aaron K., Appellant,
v
Laurie K., Respondent. (And Another Related Proceeding.)

Calendar Date: September 9, 2020

Before: Egan Jr., J.P., Mulvey, Devine, Aarons and Colangelo, JJ.


Norbert A. Higgins, Binghamton, for appellant.
Luciano J. Lama, Ithaca, for respondent.
Donna C. Chin, New York City, attorney for the child.



Mulvey, J.
Appeal from an order of the Family Court of Chemung County (Baker, J.), entered April 9, 2018, which, in two proceedings pursuant to Family Ct Act article 6, granted respondent's motion to dismiss the petitions at the close of petitioner's proof.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children (born in 2001 and 2006). In 2015, Family Court entered a custody order on stipulation, granting the parties joint legal custody of the children, with the mother having primary physical custody and the father having parenting time during certain holidays and school vacations. The order also directed the parties to provide each other with 48 hours' notice of any changes in the parenting time schedule. In December 2017, the father commenced these proceedings by filing a violation petition and a modification petition. At a combined hearing, the mother moved to dismiss the petitions at the conclusion of the father's proof, which the court granted. The father appeals.[FN1]
We affirm. "When deciding a motion to dismiss at the close of a petitioner's proof, the court must accept the petitioner's evidence as true and afford the petitioner every favorable inference that could reasonably be drawn from that evidence, including resolving all credibility questions in the petitioner's favor" (Matter of Judith DD. v Ahava DD., 172 AD3d 1488, 1489 [2019] [internal quotation marks and citations omitted]; see Matter of William EE. v Christy FF., 151 AD3d 1196, 1197 [2017]). "The proponent of a violation petition must establish, by clear and convincing evidence, that there was a lawful court order in effect with a clear and unequivocal mandate, that the person who allegedly violated the order had actual knowledge of the order's terms, that the alleged violator's actions or failure to act defeated, impaired, impeded or prejudiced a right of the proponent and that the alleged violation was willful" (Matter of Carl KK. v Michelle JJ., 175 AD3d 1627, 1628 [2019] [citations omitted]; see Matter of Eliza JJ. v Felipe KK., 173 AD3d 1285, 1286 [2019]; Matter of James XX. v Tracey YY., 146 AD3d 1036, 1037 [2017]). We will not disturb Family Court's determination on a violation petition absent an abuse of discretion (see Matter of Jemar H. v Nevada I., 182 AD3d 805, 808 [2020]; Matter of Carl KK. v Michelle JJ., 175 AD3d at 1628; Matter of Michael M. v Makiko M., 152 AD3d 909, 910 [2017]). With respect to the father's petition to modify the 2015 order, he was obligated to "demonstrate that a change in circumstances ha[d] occurred since entry thereof that then warrants the court engaging in an analysis as to the best interests of the child" (Matter of Naquan V. v Tia W., 172 AD3d 1467, 1468 [2019]; accord Matter of Richard L. v Kristen M., 174 AD3d 968, 969 [2019]).
Turning first to the violation petition, at the fact-finding hearing, the father testified that in November 2017 he sent the mother a text message informing her that, pursuant to the 2015 order, he would pick up the children the following week for his Thanksgiving parenting time. In a text message dated November 13, 2017, which was entered into evidence, the mother advised the father that neither child wanted to spend Thanksgiving with him and directed him not to "bother wasting a trip up here." The father testified that, despite the mother's representation of the children's wishes, the father arrived around Thanksgiving to pick the children up; text messages between the parties reflect that the father arrived at the mother's home on November 21, 2017, two days before Thanksgiving. The father added that he was not invited into the home to speak to the children, and his Thanksgiving parenting time did not occur. Approximately one month later, the father informed the older child and the mother that he planned to exercise his parenting time around New Year's Eve, which was also in accord with the 2015 order. According to the father, when he arrived at the mother's house to pick the children up, neither the children nor the mother exited the house, and his New Year's Eve parenting time never occurred.
During cross-examination, the father testified that the children have not responded to his attempts to communicate with them. Nonetheless, the father stated that he believes the children want to spend more time with him but the mother has impeded his parenting time. However, the father conceded that he was "totally speculating" as to why the children have not participated in his parenting time or why they have refused to communicate. He also testified that, when he arrived at the mother's home for his visits, he never exited his vehicle or knocked on the door, instead sending ineffectual text messages from outside. Although it is undisputed that neither the father's Thanksgiving nor New Year's Eve parenting time occurred, the record supports Family Court's determination that the father failed to demonstrate that the children's unwillingness to communicate with him or participate in his parenting time is a product of the mother's interference or influence. The evidence reflects that the mother informed the father — well before the requisite 48 hours — that the children did not want to participate in the father's parenting time. Accordingly, even viewing the evidence in a light most favorable to the father, and resolving all credibility questions in his favor, we decline to disturb the court's conclusion that the mother did not willfully violate the 2015 order (see Matter of Carl KK. v Michelle JJ., 175 AD3d at 1628; Matter of Judith DD. v Ahava DD., 172 AD3d at 1489; Matter of James XX. v Tracey YY., 146 AD3d at 1037; Matter of Prefario v Gladhill, 140 AD3d 1235, 1237 [2016]).
Finally, the father relied on the same evidence in support of his modification petition, in which he accused the mother of failing to "encourage" the children to participate in his parenting time. Although Family Court did not expressly state whether such evidence demonstrated a change in circumstances sufficient to warrant reconsideration of the children's best interests, upon our independent review of the record, we find that the father failed to demonstrate such a change (see Matter of Kane FF. v Jillian EE., 183 AD3d 969, 972 [2020]; Matter of LeVar P. v Sherry Q., 181 AD3d 1008, 1009 [2020]).
Egan Jr., J.P., Devine, Aarons and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Given that the older child turned 18 in 2019, the father's appeal with respect to Family Court's dismissal of the modification petition is moot insofar as it pertains to the older child (see Matter of Troy SS. v Judy UU., 140 AD3d 1348, 1349-1350 [2016], lv denied 28 NY3d 902 [2016]; Matter of Hayes v Hayes, 128 AD3d 1284, 1285 n 2 [2015]).