Matter of Damon B. v Amanda C. (2022 NY Slip Op 01082)





Matter of Damon B. v Amanda C.


2022 NY Slip Op 01082


Decided on February 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 17, 2022

532810
[*1]In the Matter of Damon B., Respondent,
v
Amanda C., Appellant.

Calendar Date:January 5, 2022

Before:Egan Jr., J.P., Lynch, Pritzker and Reynolds Fitzgerald, JJ.

Harpremjeet Kaur, Cooperstown, for appellant.
Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for respondent.
Christopher Hammond, Cooperstown, attorney for the child.



Reynolds Fitzgerald, J.
Appeal from an order of the Family Court of Otsego County (Burns, J.), entered December 24, 2020, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to hold respondent in willful violation of an order of visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2013). Family Court entered a temporary order directing the father to have parenting time with the child every other week in the City of Oneonta, Otsego County in a public place for two hours. Subsequently, Family Court entered a custody order, as relevant here, directing the father to have parenting time on March 22, 2020 and April 4, 2020 from 10:00 a.m. to 4:00 p.m. in Oneonta, and, thereafter, the father would have overnight parenting time with the child at his home in the City of Utica, Oneida County on alternating weekends from Saturday at 10:00 a.m. until Sunday at 4:00 p.m. On March 15, 2020, New York began closing nonessential businesses due to the spread of COVID-19. The mother appealed the April 2020 order and asked this Court for a stay pending the appeal. A stay was granted, and, as a result thereof, the temporary order was reinstated, which directed that the father have visitation with the child in a public place for two hours every other week. In June 2020, the father filed this violation petition alleging that the mother refused to allow him parenting time on March 22, 2020 and on other specified required days. Following a fact-finding hearing, Family Court found that the mother willfully violated the order. The mother appeals.
"The proponent of a violation petition must establish, by clear and convincing evidence, that there was a lawful court order in effect with a clear and unequivocal mandate, that the person who allegedly violated the order had actual knowledge of the order's terms, that the alleged violator's actions or failure to act defeated, impaired, impeded or prejudiced a right of the proponent and that the alleged violation was willful" (Matter of Carl KK. v Michell JJ., 175 AD3d 1627, 1628 [2019] [citations omitted]; see Matter of Aaron K. v Laurie K., 187 AD3d 1423, 1424 [2020]). "This Court will accord deference to Family Court's credibility findings, and the determination of whether to hold a party in contempt will generally not be disturbed absent an abuse of discretion" (Matter of Harley K. v Brittany J., 189 AD3d 1738, 1739 [2020] [citations omitted]; see Matter of Ramon ZZ. v Amanda YY., 189 AD3d 1906, 1907 [2020]).
The mother contends that Family Court abused its discretion when it found that she willfully violated the visitation order. Specifically, she asserts that she did not produce the child because the father unilaterally canceled visits, there was confusion over what order was in effect, and she relied upon the communications between the parties' attorneys to establish when the visitation would occur. There is no dispute that [*2]the father did not receive parenting time on March 22, 2020 or from April 14, 2020 through May 2020. At issue is whether the mother willfully violated the order.
The mother testified that the father canceled the parenting time on March 22, 2020 due to the spread of COVID-19. As to the April 18, 2020 visit, the mother testified that on April 14, 2020, this Court reinstated the temporary order directing the father to have parenting time in a public place for two hours every other week, that she texted a screen shot of this order to the father, and that the attorneys tried to set up a public visit. The father rejected her statements and accused her of lying. The mother further testified that her lawyer advised her that the visit was not going to happen because the father's attorney had not responded to her emails. As to the visits after April 18, 2020 through May 2020, the mother testified that the father chose not to exercise those parenting times due to COVID-19 since the parenting time had to be in a public place and public places were closed. The father testified that, as to March 22, 2020, he did not consent to an interruption in the parenting time, and that, "if anything, I would say I was forced to not getting that visit because of COVID." With reference to the April 18, 2020 parenting time, the father testified that he was aware that an appeal of the order granting visitation was pending. However, he claimed that when he inquired of this Court, he was informed that there was nothing pending and so assumed he had overnight visitation. As to any parenting time that he did not receive after April 18, 2020 through May 2020, the father testified, "I was told COVID-19 shut everything down. There's nothing public open. You can't go to anything public. If there's nothing public open, where am I to take my son? I offered [the mother] to come to my house [and] she told me no."
We agree with the mother that Family Court erred in finding that she willfully violated the order. Under these circumstances, where both parties testified as to the difficulties involved in having parenting time take place in a public venue during COVID-19, there was confusion among the parties as to which order was in effect at the time, and the mother relied on her attorney's advice, which had a sound basis (see Matter of Eller v Eller, 134 AD3d 1319, 1320 [2015]; Matter of Shvetsova v Paderno, 84 AD3d 1095, 1097 [2011]),[FN1] it is clear that any violation was not willful. Based on the foregoing, the mother's remaining contentions have been rendered academic.
Egan Jr., J.P., Lynch and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and petition dismissed.



Footnotes

Footnote 1: The appellate attorney for the child argues that Family Court erred in finding that the mother willfully violated the order, while the trial court attorney for the child took no position except to argue that the child's parents need to stop filing petitions and fighting.