Matter of Nelson UU. v Carmen VV. (2022 NY Slip Op 01218)





Matter of Nelson UU. v Carmen VV.


2022 NY Slip Op 01218


Decided on February 24, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 24, 2022

532635
[*1]In the Matter of Nelson UU., Appellant,
v
Carmen VV., Respondent.

Calendar Date:January 11, 2022

Before:Garry, P.J., Lynch, Pritzker, Colangelo and Ceresia, JJ.

John Ferrara, Monticello, for appellant.
Ivy M. Schildkraut, Rock Hill, for respondent.
Jane Bloom, Monticello, attorney for the children.



Lynch, J.
Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered November 25, 2020, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the unmarried parents of two children (born in 2012 and 2017). A February 2019 Family Court order awarded the parties joint legal custody of the children, with physical custody to the mother and a schedule of parenting time to the father. In January 2020, the father filed a modification petition seeking physical custody of the children. He also filed a violation petition alleging, among other things, that the mother had failed to abide by the parenting time schedule. On March 5, 2020, Family Court issued a temporary order directing that "all exchanges of the children shall take place at the [City of] Monticello Police Department."
On or about May 2020, the father filed a petition to enforce the February 2019 and March 2020 orders, annexing thereto several police reports detailing the mother's failure to deliver the children for his parenting time from approximately March 6, 2020 through May 14, 2020 due to her fear of the children contracting COVID-19. A combined fact-finding hearing ensued on the three petitions, during which the mother acknowledged that she was aware of the March 2020 order and had failed to bring the children to the designated meeting spot for the parenting time exchange between mid-March 2020 and mid-May 2020 on account of the stay-at-home directives issued in connection with the COVID-19 pandemic, emphasizing the older child has asthma and she was afraid of the child contracting COVID-19.
While recognizing that the mother acted over genuine concerns for the health of her children, Family Court determined that it was "constrained to find" a willful violation of the underlying orders because she failed to seek judicial intervention. Consequently, the court directed that the mother "adhere to all of the provisions [of] the February 4, 2019 [o]rder" and granted the father 20 days of make-up parenting time between December 2020 and January 2021. The court dismissed the father's January 2020 modification and violation petitions, finding, with respect to the modification petition, that he failed to establish a change in circumstances warranting a best interests review and, with respect to the violation petition, that he "failed to establish a prima facie case" as he "did not prove with any degree of specificity that the mother violated the February 2019 [o]rder prior to March 2020." The father appeals.
The father initially contends that Family Court erred in dismissing his modification petition.[FN1] We disagree. "A party seeking a modification of a prior order of custody must demonstrate that there has been a change in circumstances since entry of the prior order to warrant an analysis as [*2]to whether modification thereof would serve the best interests of the children" (Matter of Antonio MM. v Tara NN., 191 AD3d 1196, 1197 [2021] [citation omitted]; see Matter of Ramon ZZ. v Amanda YY., 189 AD3d 1913, 1914, 1915 [2020]). "Only after this threshold hurdle has been met will the court conduct a best interests analysis" (Matter of Derek KK. v Jennifer KK., 196 AD3d 765, 766 [2021]). "Family Court's credibility assessments and factual findings will not be disturbed as long as they have a sound and substantial basis in the record" (Matter of Jessica HH. v Sean HH., 196 AD3d 750, 753 [2021] [internal quotation marks and citations omitted]).
Family Court found that, "[b]eyond the established period from mid-March 2020 through mid-May 2020, when the [f]ather was prevented by the [m]other from exercising his parenting time, [he] failed to otherwise establish that this was enough of a change in circumstances." To the extent that Family Court relied upon facts that occurred subsequent to the filing of the father's modification petition in concluding that the father failed to demonstrate a change in circumstances, this was error absent a motion to conform the pleadings to the proof (see Matter of Shannon X. v Koni Y., 196 AD3d 763, 764 [2021], lv denied 37 NY3d 915 [2021]; Matter of Martin v Mills, 94 AD3d 1364, 1367 n [2012]). The relevant time frame in which to assess whether a change in circumstances occurred was the period between entry of the February 2019 order and the filing of the father's modification petition in January 2020.
As to that period, the father's January 2020 modification petition alleged that there had been a change in circumstances due to the mother's "refusal to allow [the children] to go with [the] [f]ather" for his parenting time. Although the father testified at the fact-finding hearing that the mother had consistently failed to bring the children for his parenting time even prior to the start of the pandemic, Family Court found that he "did not prove with any degree of specificity that the [m]other violated the February 2019 [o]rder prior to March 2020." The failure of a parent to abide by the terms of a parenting time order may constitute a change in circumstances in an appropriate case (see e.g. Matter of Kanya J. v Christopher K., 175 AD3d 760, 762 [2019], lvs denied 34 NY3d 905, 906 [2019]), but here Family Court specifically found that the father failed to prove that the mother violated the orders prior to March 2020 — a finding based upon a credibility determination to which we defer (see Matter of Megan UU. v Phillip UU., 193 AD3d 1287, 1289 [2021]; Matter of Damian R. v Lydia S., 182 AD3d 650, 651-652 [2020]). As for the mother's withholding of visitation between early-March 2020 and mid-May 2020, the record supports Family Court's assessment that her actions were not in willful disregard of the visitation orders but premised on protecting the health of her children. Not to be overlooked is that these [*3]events took place at the inception of the pandemic when great uncertainty affected us all. Moreover, access to the court was restricted to essential matters during this period, making it difficult to fault the mother for not attempting to seek judicial intervention (see Admin Orders of Chief Admin Judge of Cts AO/68/20, AO/78/20, AO/85/20, AO/114/20). Under the circumstances, we conclude that the mother did not willfully violate the orders. In addition, we find that Family Court properly determined that the appropriate remedy was to allow the father a commensurate period of make-up parenting time.
Garry, P.J., Pritzker, Colangelo and Ceresia, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The attorney for the children supports Family Court's determination in this respect.