Matter of Timothy RR. v Peggy SS. (2022 NY Slip Op 03564)





Matter of Timothy RR. v Peggy SS.


2022 NY Slip Op 03564


Decided on June 2, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 2, 2022

533781
[*1]In the Matter of Timothy RR., Respondent,
v
Peggy SS., Appellant. (And Two Other Related Proceedings.)

Calendar Date:April 21, 2022

Before:Garry, P.J., Lynch, Pritzker, Colangelo and McShan, JJ.

Cliff Gordon, Monticello, for appellant.
Law Offices of Jared K. Hart, Kauneonga Lake (Jared K. Hart of counsel), for respondent.
Ivy M. Schildkraut, Rock Hill, attorney for the children.



Pritzker, J.
Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered July 23, 2021, which, among other things, partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to hold respondent in willful violation of a prior order of custody and visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a son and a daughter (born in 2005 and 2008, respectively). Pursuant to a May 2020 order of custody, the father was awarded sole legal and physical custody of the children with parenting time to the mother. As relevant to this appeal, in October 2020, the father filed a violation petition alleging that the mother had violated the terms of the May 2020 order by, among other things, failing to facilitate phone contact between the children and the father and to respond to the father in a reasonable amount of time regarding the children.[FN1] Following fact-finding and Lincoln hearings, Family Court, among other things, partially granted the father's violation petition to the extent of finding that the mother willfully violated the provisions of the May 2020 order by failing to ensure that the children were able to speak with the father every other day while in the mother's care and for failing to respond to the father's communications regarding the children within a reasonable period of time. Pursuant thereto, Family Court ordered, among other things, that the children be permitted to use their cell phones at the mother's house for the purpose of communicating with the father. The mother appeals.
"The proponent of a violation petition must establish, by clear and convincing evidence, that there was a lawful court order in effect with a clear and unequivocal mandate, that the person who allegedly violated the order had actual knowledge of the order's terms, that the alleged violator's actions or failure to act defeated, impaired, impeded or prejudiced a right of the proponent and that the alleged violation was willful" (Matter of Carl KK. v Michelle JJ., 175 AD3d 1627, 1628 [2019] [citations omitted]; accord Matter of Damon B. v Amanda C., 202 AD3d 1333, 1334 [2022]). "In reviewing Family Court's determination on a violation petition, we defer to any credibility assessments made, and we will not disturb the court's decision absent an abuse of discretion" (Matter of Carl KK. v Michelle JJ., 175 AD3d at 1628 [citations omitted]; see Matter of Michael M. v Makiko M., 152 AD3d 909, 909-910 [2017]).
Contrary to the mother's contention, the record evidence supports Family Court's determination that she willfully violated the prior order.[FN2] As germane here, the May 2020 order of custody and visitation required "that each parent shall be entitled to reasonable telephone contact with the children while in the other parent's care, provided that such contact shall not occur more than every other day, unless initiated by a child, who shall be free to contact the [*2]other parent."[FN3] The father testified that from April 2020 to June 26, 2020, while the children were with the mother, he attempted to call every day of the week on both the house phone and the mother's cell phone but nobody answered the phones. As a result, during that time period, he spoke to the children only five times, when the children happened to answer the house phone. The father also testified that, from June 26, 2020 until school began that September, when the mother had the children, despite him calling every other day and emailing the mother, he never spoke with the children. The father testified that he purchased cell phones for the children and that the children use those cell phones to communicate with the mother. The mother acknowledged that the father had purchased cell phones for the children and did not refute the father's testimony that he didn't speak with the children more than five times while they were with the mother. The mother testified that the children were not allowed to have cell phones at her house because they were too young. The mother testified that if the children needed to contact the father, they were able to use the house phone or her cell phone, and that the children were allowed to call the father whenever they wanted.
Given the foregoing, as well as testimony proffered at the Lincoln hearing, Family Court did not abuse its discretion in finding that the mother willfully violated the May 2020 order. The testimony clearly established that the mother's belief that the children should not be allowed to own cell phones at their age has limited the father's means of contacting the children, when in her care, to the home's landline or the mother's cell phone. However, the credited testimony establishes that whenever the father attempts to call the children at either of these phone numbers, the mother consistently refuses to answer or otherwise ignores his calls. This clearly violates the provisions of the prior orders requiring that the father be given reasonable telephone contact with the children while they are at the mother's home.[FN4] Thus, according due deference to Family Court's credibility determinations, Family Court did not err in finding that the mother willfully violated the May 2020 order (see Matter of Ryan XX. v Sarah YY., 175 AD3d 1623, 1626 [2019]; Matter of Beesmer v Amato, 162 AD3d 1260, 1261-1262 [2018]; compare Matter of Damon B. v Amanda C., 202 AD3d at 1335).
Garry, P.J., Lynch, Colangelo and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The father thereafter filed an amended petition adding additional violations by the mother, however, those allegations are not at issue on appeal.

Footnote 2: The mother does not challenge any of the other elements that the father was required to prove to sustain his violation petition, nor does she challenge that portion of the order which directs that the children shall be permitted to use their cell phones at the mother's home to communicate with the father.

Footnote 3: Some of the father's allegations predate the May 2020 order and support his assertion in the petition that the mother also violated the prior order, entered in August 2014, which also provided that each parent was entitled to "reasonable telephone contact" with the children while they were in the other parent's custody. Inasmuch as Family Court's findings focused on the mother's willful violation of the May 2020 order, we focus our analysis on that order as well.

Footnote 4: To the extent that the mother suggests that the evidence was insufficient to satisfy the father's burden because he failed to provide specific times and dates of his attempted calls, we disagree inasmuch as the father's testimony provided a relatively clear timeframe.