Matter of Jennie BB. v Anne CC. (2022 NY Slip Op 06666)

Matter of Jennie BB. v Anne CC.

2022 NY Slip Op 06666

Decided on November 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 23, 2022

533751
[*1]In the Matter of Jennie BB., Appellant,
v
Anne CC. et al., Respondents.

Calendar Date:October 11, 2022

Before:Garry, P.J., Clark, Aarons, Pritzker and Fisher, JJ.

Matthew C. Hug, Albany, for appellant.
Richard L. Herzfeld, New York City, for Anne CC., respondent.
Craig S. Leeds, Albany, for James AA., respondent.
Karen R. Crandall, Schenectady, attorney for the child.

Aarons, J.
Appeal from an order of the Family Court of Schenectady County (Kevin A. Burke, J.), entered May 24, 2021, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to hold respondents in willful violation of a prior order of custody and visitation.
Petitioner (hereinafter the mother) and respondent James AA. are the parents of a child (born in 2012). Pursuant to a 2019 order, the parents and respondent Anne CC. (hereinafter the grandmother) shared joint legal custody of the child with the grandmother having primary physical custody and, as relevant here, the mother having overnight weekend visitation at certain times. In July 2020, the mother commenced this proceeding alleging, as relevant here, that the grandmother violated the 2019 order by withholding various weekend visitations between March 2020 and May 2020. A hearing ensued, after which Family Court dismissed the petition. The mother appeals.
The grandmother testified at the hearing that the mother's visitation schedule became disrupted in March 2020 because of the COVID-19 pandemic. The grandmother quarantined at that time and was unsure whether she was allowed to travel based upon what the news had been reporting. The grandmother also had close contact with an individual who possibly had COVID. The grandmother and the mother spoke in March and April 2020 about making up for any missed time, but the grandmother was still unsure whether she was allowed to leave her home. The grandmother talked with an attorney in May 2020, around Mother's Day, and was advised that quarantine rules did not apply to her. The grandmother stated that she did not have any malicious intent in denying the mother any visitation with the child and that her primary concern was everyone's health and following the rules.
The mother contends that the grandmother used the COVID-19 pandemic as a pretext for depriving her of visitation with the child. Family Court, however, credited the grandmother's belief that bringing the child to the mother during the onset of the COVID-19 pandemic was not considered essential travel and, therefore, prohibited. Deferring to the court's credibility determinations (see Matter of Constantine v Hopkins, 101 AD3d 1190, 1192 [3d Dept 2012]) and taking into account that the grandmother provided the mother with additional visitation to make up for the missed parental time, the court did not abuse its discretion in finding that there was no willful violation of the 2019 order (see Matter of Nelson UU. v Carmen VV., 202 AD3d 1414, 1416 [3d Dept 2022]; Matter of Damon B. v Amanda C., 202 AD3d 1333, 1335 [3d Dept 2022]; Matter of Sandra R. v Matthew R., 189 AD3d 1995, 2000 [3d Dept 2020], lv dismissed and denied 36 NY3d 1077 [2021]).[FN1]
Garry, P.J., Clark, Pritzker and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Although not dispositive, Family Court's determination is consistent with the position of the attorney for the child (see Matter of Dwayne S. v Antonia T., 170 AD3d 1451, 1452 [3d Dept 2019]).