Matter of Harvey P. v Contrena Q. (2023 NY Slip Op 00257)

Matter of Harvey P. v Contrena Q.

2023 NY Slip Op 00257

Decided on January 19, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 19, 2023

534333
[*1]In the Matter of Harvey P., Respondent,
v
Contrena Q. Appellant. (Proceeding No. 1.)
In the Matter of Contrena Q., Appellant,
v
Harvey P., Respondent. (Proceeding No. 2.) (And Another Related Proceeding.)

Calendar Date:December 14, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Fisher and McShan, JJ.

Lisa K. Miller, McGraw, for appellant.
Michelle I. Rosien, Philmont, for respondent.
Pamela Doyle Gee, Big Flats, attorney for the child.

Pritzker, J.
Appeal from an order of the Family Court of Chemung County (Richard W. Rich Jr., J.), entered October 4, 2021, which, among other things, dismissed petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Harvey P. (hereinafter the father) is the father of the subject child (born in 2014). Contrena Q. (hereinafter the custodian) started caring for the child when she was 10 days old, after the father was imprisoned for the sale of a controlled substance. Pursuant to a January 2020 order, the custodian was granted sole legal and physical custody of the child and the father was granted unsupervised visitation at a public place every other weekend on Saturdays and Sundays for four hours.
In August 2020, the father commenced the first instant proceeding seeking to modify the prior order by awarding him overnight visitation and removing the condition that visitation be in a public place, based on allegations that the custodian was changing his visitation dates whenever she wanted. Thereafter, in July 2021, the custodian commenced the second instant modification proceeding requesting that the father's visitation be supervised after an incident occurred wherein the child's mother allegedly discovered the father using heroin and crack while the child was in his care. The custodian also filed a violation petition, alleging, among other things, that the father had violated the prior order by failing to abide by the condition that visitation shall occur in a public place. Following a fact-finding hearing and a Lincoln hearing, Family Court dismissed all three petitions, finding that no change in circumstances warranting a modification had been established. The custodian appeals.
The custodian argues that Family Court erred in dismissing her modification petition because she established a sufficient change in circumstances to warrant a best interests analysis. "A [party] seeking to modify an existing custody order must first show that a change in circumstances has occurred since the entry of the existing custody order that then warrants an inquiry into what custodial arrangement is in the best interests of the child" (Matter of Andrea II. v Joseph HH., 203 AD3d 1356, 1357 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Devin W. v Jessica X., 204 AD3d 1111, 1112 [3d Dept 2022]). To establish a change in circumstances, the party must demonstrate "new developments or changes that have occurred since the previous custody order was entered" (Matter of Ramon ZZ. v Amanda YY., 189 AD3d 1913, 1914 [3d Dept 2020] [internal quotation marks and citations omitted]). Testimony at the fact-finding hearing established, by a preponderance of the evidence (see Matter of Cid v DiSanto, 122 AD3d 1094, 1095 [3d Dept 2014]; Matter of Spiewak v Ackerman, 88 AD3d 1191, 1192 [3d Dept 2011]), that the father was not abiding by the visitation terms as set forth in the prior [*2]order.[FN1] Specifically, although the prior order required that the father's visitation occur in a public place, the preponderance of the proof demonstrated that much of it was occurring in private residences or hotels. Moreover, there was also testimony that the father was using drugs during the child's visits. Given the circumstances of this case, the father's failure to comply with the visitation terms as set forth in the prior order constitute a change in circumstances (see Matter of William V. v Christine W., 206 AD3d 1478, 1480 [3d Dept 2022]; Matter of Nelson UU. v Carmen VV., 202 AD3d 1414, 1416 [3d Dept 2022]). Thus, Family Court's dismissal of the custodian's modification petition is not supported by a sound and substantial basis in the record. Accordingly, we remit the matter to determine the best interests of the child. Finally, we discern no error in Family Court's dismissal of the custodian's violation petition inasmuch as she failed to establish that the father's actions in violating the prior visitation order "defeated, impaired, impeded or prejudiced" the custodian's rights (Matter of Timothy RR. v Peggy SS., 206 AD3d 1123, 1124 [3d Dept 2022] [internal quotation marks and citation omitted]; see Matter of Damon B. v Amanda C., 202 AD3d 1333, 1334 [3d Dept 2022]).
Egan Jr., J.P., Clark, Fisher and McShan, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as dismissed petitioner's modification petition in proceeding No. 2; matter remitted to the Family Court of Chemung County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: Family Court, in its order, did not make any credibility determinations.