Matter of Clint Y. v Holly X. (2023 NY Slip Op 03049)

Matter of Clint Y. v Holly X.

2023 NY Slip Op 03049

Decided on June 8, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 8, 2023

533998 533999
[*1]In the Matter of Clint Y., Appellant,
v
Holly X., Respondent. (Proceeding No. 1.)
In the Matter of Holly X., Respondent,
v
Clint Y., Appellant. (Proceeding No. 2.)

Calendar Date:May 2, 2023

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Fisher and McShan, JJ.

Adam W. Toraya, Albany, for appellant.
Dana L. Salazar, East Greenbush, for respondent.
Michelle I. Rosien, Philmont, attorney for the child.
Pamela J. Joern, East Chatham, attorney for the child.

Pritzker, J.
Appeals (1) from an order of the Family Court of Columbia County (Richard M. Koweek, J.), entered August 17, 2021, which dismissed petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 6, to hold respondent in willful violation of, among other things, a prior order of custody and visitation, and (2) from an order of said court, entered August 17, 2021, which granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, for permission to relocate with the children.
Clint Y. (hereinafter the father) and Holly X. (hereinafter the mother) are the parents of two children (born in 2010 and 2012). In September 2017, the parties entered into an order of joint custody and visitation on consent. In late 2018, the Columbia County Department of Social Services (hereinafter DSS) commenced a Family Ct Act article 10 proceeding, which resulted in multiple temporary orders of protection being entered against the father, for the benefit of the children, including a full stay-away order of protection that was entered in April 2019.[FN1] Thereafter, in September 2019, after a custody modification proceeding, the mother was granted sole legal and residential custody of the children, together with detailed and extensive custodial time as well as nightly telephone or electronic communications for the father. Critically, however, this order specifically provided that the "commencement date of [the] [o]rder shall be subject to any and all [o]rders of [p]rotection which may be in effect and the commencement date shall not begin until all 'stay away' [o]rders of [p]rotection have been terminated against the [f]ather." Then, in October 2019, pursuant to the article 10 proceeding, a final stay-away order of protection was put in place, for the benefit of the children, which superseded the September 2019 custody order.[FN2]
In February 2020, the father filed a violation petition against the mother alleging that she had violated the September 2019 custody order and the October 2019 order of protection. The mother subsequently filed a petition for modification and permission to relocate to Rhode Island. After a joint fact-finding hearing and a Lincoln hearing, Family Court dismissed the father's violation petition and granted the mother's modification petition, allowing her to relocate. The father appeals both orders.
The father contends that Family Court abused its discretion in finding that the mother did not violate the October 2019 order of protection. "The proponent of a violation petition must establish, by clear and convincing evidence, that there was a lawful court order in effect with a clear and unequivocal mandate, that the person who allegedly violated the order had actual knowledge of the order's terms, that the alleged violator's actions or failure to act defeated, impaired, impeded or prejudiced a right of the proponent and that the alleged violation was willful" (Matter of Timothy RR. v Peggy SS., 206 AD3d 1123[*2], 1124 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Wesko v Hollenbeck, 149 AD3d 1175, 1176 [3d Dept 2017]). "This Court will accord deference to Family Court's credibility findings, and the determination of whether to hold a party in contempt will generally not be disturbed absent an abuse of discretion" (Matter of Damon B. v Amanda C., 202 AD3d 1333, 1334 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Tamika B. v Pamela C., 187 AD3d 1332, 1338 [3d Dept 2020]).
Here, the father generally asserts that the mother interfered with his phone calls and did not facilitate supervised visitation. However, as the father concedes, the controlling orders are the April 2019 temporary order of protection and the October 2019 final order of protection, both of which were products of the Family Ct Act article 10 proceeding commenced by DSS against the father.[FN3] These orders of protection do not mandate supervised visitation nor telephone contact for 30 minutes as the father claims. Additionally, the order of protection does not name the mother as a party. As such, the order does not explicitly require her to take any action, nor does it require her to facilitate any contact between the father and the children. Moreover, during his testimony, the father was unable to testify to any direct interference by the mother in his contact with the children. He merely speculated that many of the calls he had with the children were ended prematurely by the mother. The father later contradicted this speculation by admitting that the children often would hang up the phone themselves or would be occupied in other activities when he called. Indeed, the mother testified that she attempted to have the children engage with the father and even discussed the issue with the children's mental health provider. Therefore, we find that Family Court did not abuse its discretion in determining that the father failed to establish that the mother was under a clear and unequivocal mandate to facilitate contact and that her actions in impeding his rights were willful (see generally Matter of Aaron K. v Laurie K., 187 AD3d 1423, 1425 [3d Dept 2020]; Matter of James XX. v Tracey YY., 146 AD3d 1036, 1038 [3d Dept 2017]; Matter of Abram v Abram, 145 AD3d 1377, 1378-1379 [3d Dept 2016]; Matter of Prefario v Gladhill, 140 AD3d 1235, 1236-1237 [3d Dept 2016]). Accordingly, Family Court properly dismissed the father's violation petition.
The father also contends that Family Court abused its discretion in finding that the mother demonstrated that relocation was in the children's best interests as the court failed to afford the father any meaningful contact with the children. "The party seeking to relocate bears the burden of establishing by a preponderance of the evidence that relocation is in the children's best interests" (Matter of Hempstead v Hyde, 144 AD3d 1438, 1439 [3d Dept 2016]). When determining whether relocation with the custodial [*3]parent would be in the best interests of the children, courts must consider a variety of factors, including "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child[ren] and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child[ren]'s future contact with the noncustodial parent, the degree to which the custodial parent's and [the] child[ren]'s li[ves] may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and [the] child[ren] through suitable [parenting time] arrangements" (Matter of Tropea v Tropea, 87 NY2d 727, 740-741 [1996]; accord Matter of Celinda JJ. v Adrian JJ., 198 AD3d 1203, 1204 [3d Dept 2021], lv denied 37 NY3d 318 [2022]). "Because Family Court is in a superior position to assess witness credibility and make findings of fact, this Court gives deference and will not disturb a relocation decision that is supported by a sound and substantial basis in the record" (Matter of Thomas SS. v Alicia TT., 206 AD3d 1534, 1535 [3d Dept 2022] [internal quotation marks and citation omitted]; Matter of Southammavong v Sisen, 141 AD3d 905, 906 [3d Dept 2016]).
Inasmuch as the father concedes that the relocation would enhance the lives of the mother and the children "economically and emotionally," he focuses his argument on appeal on the impact of the relocation on his parenting time and concomitantly the best interests of the children. The record reveals that at the time of Family Court's decision, the father had very limited contact with the children due to the orders of protection. As the court noted in its decision, as part of the disposition in the neglect case against him, the father did have the ability to attempt to return to the prior order of custody and visitation if he completed certain services and cooperated with DSS. However, during his testimony, the father indicated that he had yet to complete any of the services requested and that he was not cooperating with DSS. Accordingly, the father's limited contact is separate and apart from the geographical location of the children. In the event the father initiates supervised visitation with the children or returns to the prior visitation schedule, the mother indicated in her testimony that she would facilitate such contact. The mother even took steps to find a facility that would allow for visitation on weekends and after normal business hours so that the children could have contact with the father. Given the foregoing, it is clear from the record that Family Court weighed all of the necessary factors and, as such, we find that its decision that relocation is in the best interests of the children is supported by a sound and substantial basis in the record (see Matter of James TT. v Shermaqiae UU., 184 AD3d 975, 977-978 [3d Dept 2020]; Matter of Brent O. v Lisa P., 161 AD3d 1242, 1245-1246 [3d [*4]Dept 2018]; Matter of Hoffman v Turco, 154 AD3d 1136, 1138-1139 [3d Dept 2017]). Notwithstanding, we agree with the father that the order should include the right for him to communicate with the children and we modify the order granting the mother permission to relocate by adding a provision that the father may have weekly telephone or electronic contact with the children for 30 minutes, on a day and time that is mutually agreeable to the mother and the father.
Aarons, J.P., Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the order entered in proceeding No. 1 is affirmed, without costs.
ORDERED that the order entered in proceeding No. 2 is modified, on the law and the facts, without costs, by adding a provision stating that the father may have weekly telephone or electronic contact with the children for 30 minutes, on a day and time that is mutually agreeable to the parties; and, as so modified, affirmed.

Footnotes

Footnote 1: This order of protection did permit nightly telephone or electronic contact, as well as visitation under certain circumstances.

Footnote 2: This order of protection also permitted, among other things, nightly telephone or electronic contact with the children.

Footnote 3: By its own terms, the September 2019 custody order had not taken effect because of the pending orders of protection and thus is irrelevant.