Matter of Craig K. v Michelle K. (2023 NY Slip Op 03892)

Matter of Craig K. v Michelle K.

2023 NY Slip Op 03892

Decided on July 20, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 20, 2023

535404
[*1]In the Matter of Craig K., Appellant,
v
Michelle K., Respondent. (And Two Other Related Proceedings.)

Calendar Date:June 6, 2023

Before:Egan Jr., J.P., Aarons, Ceresia, Fisher and McShan, JJ.

Lindsay H. Kaplan, Kingston, for appellant.
Sandra M. Allen, Albany, for respondent.
Joseph R. Williams, Albany, attorney for the child.

McShan, J.
Appeal from an order of the Family Court of Albany County (Amy E. Joyce, J.), entered April 19, 2022, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to hold respondent in willful violation of a prior order of custody and visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the divorced parents of a child (born in 2005). Pursuant to a 2018 order from Family Court (Maney, J.), the parents were awarded modified joint legal custody of the child. As relevant here, the order entitled the father, who has lived in Ohio since 2015, to twice-weekly phone contact with the child, who lives in New York with the mother. The order further directed the mother to ensure that the child is available to accept the father's calls, to encourage the child to accept said calls and to not otherwise restrict or impair the father's phone access to the child. The parents were also directed to cooperate to retain the services of a family therapist for therapeutic counseling and the father bore the responsibility of engaging the agreed-upon therapist.
In February 2020, the father filed a violation petition alleging, among other things, that the mother violated the order by interfering with and not ensuring that the father had phone contact with the child and by refusing to cooperate in choosing a family therapist. The father also filed a modification petition requesting, among other things, that the mother be fined for continued interference with his phone calls with the child. In July 2021, the mother filed a modification petition seeking, among other things, to remove the scheduled phone calls and the requirement for therapeutic visitation from the order. Following a fact-finding and a Lincoln hearing, Family Court (Joyce, J.), among other things, denied the father's violation petition.[FN1] The father appeals.
We affirm. "The proponent of a violation petition must establish, by clear and convincing evidence, that there was a lawful court order in effect with a clear and unequivocal mandate, that the person who allegedly violated the order had actual knowledge of the order's terms, that the alleged violator's actions or failure to act defeated, impaired, impeded or prejudiced a right of the proponent and that the alleged violation was willful" (Matter of Timothy RR. v Peggy SS., 206 AD3d 1123, 1124 [3d Dept 2022] [internal quotation marks and citations omitted]). "This Court will accord deference to Family Court's credibility findings, and the determination of whether to hold a party in contempt will generally not be disturbed absent an abuse of discretion" (Matter of Damon B. v Amanda C., 202 AD3d 1333, 1334 [3d Dept 2022] [internal quotation marks and citations omitted]).
At the fact-finding hearing, the father testified that, despite making numerous attempts, he has had no phone contact with the child since the 2018 order was entered. The father stated that he [*2]last tried to call the child in 2019 and, prior to that occasion, there were a couple of occasions in which he reached out and was told that the child does not want to speak with him. The father also acknowledged that, on at least one occasion, the child had directly told the father that he did not want to speak with him. Conversely, the mother testified to there being a handful of phone calls during which she told the child to "[j]ust talk" when the child asked her what to say to the father. The mother initially "encourage[d] [the child] to take the [father's] calls." There came a time, however, when the child no longer wanted to take the calls and the mother testified that the child has not since expressed a desire to contact the father. Regarding therapeutic counseling, the father testified that he had emailed the mother to discuss arrangements for therapeutic counseling a couple of times and that the mother never responded. The mother in turn testified that she had initially received a brief email from the father with limited information as to therapeutic counseling. She acknowledged that she had mistakenly missed a second email from the father, but otherwise testified that she had not heard from him again regarding therapeutic counseling. Further, the mother stated that the child has expressed no interest in engaging in therapeutic counseling with the father.
Based upon our review of the record, we find that the father's contentions alleging that the mother had willfully interfered with his efforts to contact the child are at best speculative and otherwise unsubstantiated (see Matter of Clint Y. v Holly X., ___ AD3d ___, ___, 190 NYS3d 210, 214 [3d Dept 2023]). During his testimony, the father failed to identify any direct interference by the mother and acknowledged that the child would tell him that he did not want to communicate with the father. In this respect, the child's resistance to speaking with the father does not in and of itself establish that the mother willfully interfered or influenced the child's decision (see Matter of Aaron K. v Laurie K., 187 AD3d 1423, 1425 [3d Dept 2020]; Matter of James XX. v Tracey YY., 146 AD3d 1036, 1038 [3d Dept 2017]; Matter of Prefario v Gladhill, 140 AD3d 1235, 1237 [3d Dept 2016]). Further, while the father contends that he meaningfully pursued arrangements to commence therapeutic counseling with the child, he produced no emails corroborating his efforts. To this point, although the mother acknowledged that she also had not made any efforts to procure a family therapist, she, mindful of the child's wishes, did not actively oppose therapeutic counseling. To this end, the record reflects that both parents share some culpability for the failure to comply with that aspect of Family Court's order and, more importantly, that there is no evidence of any willful efforts on the part of the mother to prevent the family therapy from occurring (see Matter of Clint Y. v Holly X., 190 NYS3d at 214; see also Matter [*3]of Aaron K. v Laurie K., 187 AD3d at 1425). Accordingly, paying the appropriate deference to Family Court's credibility determinations, we find that the court did not abuse its discretion in finding the absence of a willful violation of the 2018 order (see Matter of Jennie BB. v Anne CC., 210 AD3d 1337, 1338 [3d Dept 2022]; Matter of Omahen v Omahen, 64 AD3d 975, 977 [3d Dept 2009]).
Egan Jr., J.P., Aarons, Ceresia and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Inasmuch as the father's brief does not challenge those parts of the order concerning the parties' modification petitions, we deem such issues abandoned (see Matter of Joseph L. v Heather K., 214 AD3d 1041, 1042 n 2 [3d Dept 2023]).