Matter of Alexis WW. v Adam XX. (2023 NY Slip Op 05299)

Matter of Alexis WW. v Adam XX.

2023 NY Slip Op 05299

Decided on October 19, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 19, 2023

CV-22-2111
[*1]In the Matter of Alexis WW., Respondent,
v
Adam XX., Appellant. (And Five Other Related Proceedings.)

Calendar Date:September 7, 2023

Before:Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Powers, JJ.

Cambareri & Brenneck, Syracuse (Melissa K. Swartz of counsel), for appellant.
Cohen Law, Endicott (Lauren S. Cohen of counsel), for respondent.
Donna C. Chin, Niverville, attorney for the child.

Powers, J.
Appeal from an order of the Family Court of Broome County (Mark H. Young, J.), entered May 5, 2022, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to hold respondent in willful violation of a prior order of custody and visitation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child (born in 2017). Pursuant to a September 2020 order entered upon consent, the parties shared joint legal custody and, as relevant here, equal parenting time at specified times with custodial exchanges to take place at a McDonald's restaurant in the Village of Whitney Point, Broome County. Insofar as is relevant to this appeal, the mother filed violation petitions in November 2020 contending that the father failed to return the child at the conclusion of his parenting time and, in September 2021, filed a modification petition seeking an award of sole legal and primary physical custody of the child.
Following a combined fact-finding hearing, Family Court issued a decision and order in May 2022, finding, among other things, that the mother established, by clear and convincing evidence, that the father willfully violated the September 2020 order and imposed a 30-day jail sentence, suspended for a period of one year. Further, Family Court found that the mother established a change in circumstances since the entry of that order and, after considering the best interests of the child, awarded sole legal and primary physical custody to the mother and parenting time to the father on the first three weekends of each month from Friday at 7:00 p.m. to Sunday at 7:00 p.m., as well as additional school breaks and holidays. The father appeals.
" 'The proponent of a violation petition must establish, by clear and convincing evidence, that there was a lawful court order in effect with a clear and unequivocal mandate, that the person who allegedly violated the order had actual knowledge of the order's terms, that the alleged violator's actions or failure to act defeated, impaired, impeded or prejudiced a right of the proponent and that the alleged violation was willful' " (Matter of Damon B. v Amanda C., 202 AD3d 1333, 1334 [3d Dept 2022] [citation omitted], quoting Matter of Carl KK. v Michelle JJ., 175 AD3d 1627, 1628 [3d Dept 2019]).
The father contends that Family Court abused its discretion in finding that his violation of the order was willful. Specifically, as to the November 2020 violation, he testified that he had been exposed to COVID-19, was subject to stay-at-home directives and returned the child at the conclusion of his quarantine period. However, the mother testified that he sent only a screenshot of a government pamphlet as evidence of his alleged exposure to COVID-19 and, further, that he refused her requests to pick up the child during the father's quarantine. Family Court agreed with the position taken by the attorney for the child that, even if the [*2]father's quarantine was warranted, there was no justification to quarantine the child. In sum, Family Court credited the testimony of the mother and the position taken by the attorney for the child, concluding that the father exploited public health recommendations related to the pandemic to deprive her of parenting time. His refusal to permit the mother make-up time further supports Family Court's findings(compare Matter of Jennie BB. v Anne CC., 210 AD3d 1337, 1338 [3d Dept 2022]; Matter of David JJ. v Verna-Lee KK., 207 AD3d 841, 844 [3d Dept 2022]; Matter of Nelson UU. v Carmen VV., 202 AD3d 1414, 1416 [3d Dept 2022]). "This Court will accord deference to Family Court's credibility findings, and the determination of whether to hold a party in contempt will generally not be disturbed absent an abuse of discretion" (Matter of Harley K. v Brittany J., 189 AD3d 1738, 1739 [3d Dept 2020] [citations omitted]).
We find that the mother established, by clear and convincing evidence, that the father willfully violated the order and find no basis to disturb Family Court's ruling in this regard. We also note that the suspended sentence has run.
Turning to the modification issue, it is well settled that " 'an order entered on consent, without a plenary hearing, is entitled to less weight' " (Matter of Virginia OO. v Alan PP., 214 AD3d 1045, 1046 [3d Dept 2023], quoting Matter of Whitcomb v Seward, 86 AD3d 741, 742 [3d Dept 2011]). " '[A] parent seeking to modify an existing custody order bears the burden of demonstrating a sufficient change in circumstances since the entry of the prior order to warrant modification thereof in the child's best interests' " (Vanita UU. v Mahender VV., 130 AD3d 1161, 1163 [3d Dept 2015], lv dismissed & denied 26 NY3d 998 [2015], quoting Matter of Bailey v. Blair, 127 AD3d 1274, 1275 [3d Dept 2015]). As Family Court found, the parties resided in different counties and the prior order would soon become unworkable upon the child entering kindergarten. Moreover, as to the parties' relationship, the attorney for the child characterizes it as "severely antagonistic" insofar as, at the time of the hearing, custody exchanges were openly hostile and frequently involved law enforcement. The acrimony was further exacerbated by the father's unilateral decision-making including, inter alia, having the child baptized without input from the mother as to the choice of religion. Having also independently reviewed the record, we find that the relationship has deteriorated to such an extent that the parties are unable to communicate in a reasonable manner for the benefit of the child. Case law makes clear that where discord is of such magnitude that joint custodians can no longer work together cooperatively, a sufficient change in circumstances has been established (see Matter of Anthony JJ. v Angelin JJ., 211 AD3d 1394, 1395 [3d Dept 2022]; Matter of Dorsey v De'Loache, 150 AD3d 1420, 1422 [3d Dept 2017]; Matter of Zahuranec v Zahuranec, [*3]132 AD3d 1175, 1176 [3d Dept 2015]; Matter of Youngs v Olsen, 106 AD3d 1161, 1163 [3d Dept 2013]). Our review thus turns to Family Court's analysis of the custody arrangement which promotes the best interests of the child.
Contrary to the father's contention, we disagree that Family Court's award of sole custody to the mother was predicated upon his violation of the prior order. Rather, the court deemed both households to be adequate and both parties to be generally "capable, loving parents." However, the court described the father's conduct toward the mother as "egregious" and "damaging to the child" insofar as attempting to "sideline" and belittle her, viewing her as an enemy to fight. He also engaged in conduct intended to alienate the mother from the child, including encouraging the child to refer to his girlfriend as "mommy" and making unfounded hotline reports to Child Protective Services.
Notably, the father's live-in girlfriend is self-employed in an online business selling pornographic photographs of herself, some of which involve the father and occur while the child is within their household. The record also reveals that he will not foster a healthy relationship between the child and the mother.
" 'This Court accords great deference to Family Court's factual findings and credibility determinations . . . , and will not disturb its custodial determination if supported by a sound and substantial basis in the record' " (Matter of David V. v Roseline W., 217 AD3d 1112, 1113 [3d Dept 2023], quoting Matter of Daniel XX. v Heather WW., 180 AD3d 1166, 1167 [3d Dept 2020]).Therefore, according due deference to Family Court's findings, we are persuaded that the award of sole custody to the mother rests on a sound and substantial basis in the record and is in the child's best interests. The father's remaining contentions, to the extent not specifically addressed herein, have been examined and found to be lacking in merit.
Garry, P.J., Lynch, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.